IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| BCG, INC., a Delaware corporation,<br>CHESAPEAKE PRODUCTS &<br>SERVICES, INC., a Delaware corporation<br><br>        Plaintiffs,<br><br>v.<br><br>GLES, INC., a Delaware corporation,<br>d/b/a SWEET OIL COMPANY,<br><br>        Defendant. | C.A. No. 07-cv-207 (GMS)<br><br>TRIAL BY JURY<br>OF TWELVE DEMANDED<br><br>NON-ARBITRATION CASE |

## DEFENDANT'S ANSWER TO AMENDED COMPLAINT WITH COUNTERCLAIM

**The Parties**

1. Admitted.

2. Admitted.

**Jurisdiction**

3. Admitted.

**Nature of the Case**

4. Admitted only that Defendant is the successor in interest as a party to certain supply and related agreements with Plaintiff. The remaining allegations are denied.

5. Admitted only that Plaintiff seeks certain remedies. It is denied that Plaintiff is entitled to any remedies as alleged.

**Background Facts**

6. Admitted only that Plaintiff is the owner of two gas stations located in Delmar, Maryland and Laurel, Delaware respectively. The remaining allegations are denied.

**The Delmar Station**

7.  It is admitted only that on October 3, 2002, Plaintiffs and Peninsula Oil Company entered into an agreement, a true and correct copy of which is attached as Exhibit A. The remaining allegations and any attempt to characterize the terms of the agreement are denied.

8.  Denied to the extent that the allegations contained in Paragraph 8 purport to characterize the terms of the Dealer Agreement, the same are denied as the Dealer Agreement is an integrated agreement that can only be interpreted as a complete document.

9.  It is admitted only that a second mortgage secures certain obligations at the Delmar Station premises. The remaining allegations are denied. To the extent that allegations contained in Paragraph 9 purport to characterize the terms of the Dealer Agreement, the same are denied since the agreement has to be read in whole.

10. Denied to the extent that the allegations contained in Paragraph 10 purport to characterize the terms of the Dealer Agreement, the same are denied as the Dealer Agreement is an integrated agreement that can only be interpreted as a complete document.

11. Denied to the extent that the allegations contained in Paragraph 11 purport to characterize the terms of the Dealer Agreement, the same are denied as the Dealer Agreement is an integrated agreement that can only be interpreted as a complete document.

12. Denied to the extent that the allegations contained in Paragraph 12 purport to characterize the terms of the Dealer Agreement, the same are denied as the Dealer Agreement is an integrated agreement that can only be interpreted as a complete document.

13. It is admitted only that Exhibit B is a true and correct copy of correspondence dated August 16, 2005. The remaining allegations are denied.

14. Denied. Defendant is without sufficient knowledge or information of form a belief as to the truth of the allegations contained in Paragraph 14.

15. Denied.

16. It is admitted only that the document attached as Exhibit C is a true and correct copy of correspondence dated March 15, 2006. The remaining allegations are denied.

17. Denied.

18. It is admitted only that the document attached as Exhibit D is a true and correct copy of a correspondence dated March 20, 2006. The remaining allegations are denied.

19. It is admitted only that Exhibit E is a true and correct of an email dated April 17, 2006. The remaining allegations are denied.

20. Denied.

21. It is admitted only that a document identified as Exhibit F is a true and correct copy of a correspondence dated April 18, 2006. The remaining allegations are denied.

22. It is admitted only that a document identified as Exhibit G is a true and correct copy of a correspondence dated May 16, 2006. The remaining allegations are denied.

23. It is admitted only that a document identified as Exhibit H is a true a correct copy of a document dated May 22, 2006. The remaining allegations are denied.

24. It is admitted only that a document identified as Exhibit I is a true a correct copy of a document dated June 5, 2006. The remaining allegations are denied.

25. It is admitted only that a document identified as Exhibit J is a true a correct copy of a document dated June 20, 2006. The remaining allegations are denied.

26. It is admitted only that a document identified as Exhibit K is a true a correct copy of a document dated June 28, 2006. The remaining allegations are denied.

27. It is admitted only that a document identified as Exhibit L is a true a correct copy of a document dated August 30, 2006. The remaining allegations are denied.

DB02:5954591.1                                                                                                                                       054769.1031

28. Admitted.

29. It is admitted only that the document identified as Exhibit M is a true and correct copy of a letter dated January 29, 2007. The remaining allegations are denied.

30. Admitted.

31. It is admitted only that the document identified as Exhibit N is a true and correct copy of a letter dated February 7, 2007. The remaining allegations are denied.

**The Laurel Oasis**

32. It is admitted only that a document identified as Exhibit O is an agency agreement and Exhibit P is an equipment and loan agreement dated February 13, 1990, and Exhibit "Q" is a document dated November 15, 1993. The remaining allegations are denied.

33. Denied to the extent that the allegations contained in Paragraph 33 purport to characterize the terms of the agency agreement, same are denied as the agency agreement is an integrated agreement that can only be interpreted as a complete document.

34. It is admitted only that a document identified as Exhibit R is a true and correct copy of a document dated February 13, 1990. The remaining allegations are denied.

35. It is admitted only that a document identified as Exhibit S is a true and correct copy of a Credit Card Loan Equipment Agreement dated March 16, 1994. The remaining allegations are denied.

36. Denied to the extent that the allegations contained in Paragraph 36 purport to characterize the terms of the Agency Agreement, the same are denied as the Agency Agreement is an integrated agreement that can only be interpreted as a complete document. The remaining allegations are denied.

37. Denied.

DB02:5954591.1                                                                                                                                                054769.1031

38.  It is admitted only that Plaintiffs have periodically sent faxes to Sweet Oil regarding gas pricing at certain other locations. It is further admitted that Exhibit T contains examples of certain of those faxes. It is denied that the faxes contained in Exhibit T are representative of all the information regarding gas prices at selected local locations or are consistent with Plaintiff's obligations to provide volume and competitive pricing information.

39.  Denied.

40.  Denied.

41.  Denied.

42.  Denied. Defendant is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 42 and the same are therefore denied.

43.  Denied.

44.  Denied.

45.  Denied.

46.  Denied.

47.  It is admitted only that a document identified as Exhibit V is a true a correct copy of a document dated March 15, 2006. The remaining allegations are denied.

48.  Denied.

49.  Denied.

50.  It is admitted only that a document identified as Exhibit W is a true and correct copy of document dated July 11, 2006. The remaining allegations are denied.

51.  It is admitted only that a document identified as Exhibit X is a true and correct copy of document dated July 11, 2006. The remaining allegations are denied.

52.  Denied.

53. It is admitted only that a document identified as Exhibit Y is a true and correct copy of document dated July 20, 2006. The remaining allegations are denied.

54. It is admitted only that a document identified as Exhibit Z is a true and correct copy of document dated July 19, 2006. The remaining allegations are denied.

55. Denied. Defendant is without sufficient knowledge to formal belief as to the truth of the allegations contained in Paragraph 55 and the same are denied.

## COUNT I

### Breach of Contract – The Mobil Station

56. Admitted and denied. The allegations contained in Paragraph 56 are admitted or denied for the reasons set forth in response to the allegations contained in Paragraph 1-55 inclusive which are incorporated herein by reference.

57. Denied.

58. Denied.

## COUNT II

### Declaratory Judgment – The Mobil Station

59. Admitted and denied. The allegations contained in Paragraph 59 are admitted or denied for the reasons set forth in response to the allegations contained in Paragraph 1-58 inclusive which are incorporated herein by reference.

60. Denied.

61. Denied to the extent that the allegations contained in Paragraph 61 purport to characterize terms of which any portion of the Dealer Agreement, the same are denied as a Dealer Agreement is an integrated agreement that could only be interpreted as a complete document.

62. Denied to the extent that the allegations contained in Paragraph 62 purport to characterize terms of which any portion of the Dealer Agreement, the same are denied as a Dealer Agreement is an integrated agreement that could only be interpreted as a complete document.

63. Admitted only that the parties have an interest in a prompt resolution of their rights under the Dealer Agreement. The remaining allegations are denied.

64. Denied.

65. Denied.

## COUNT III

### Breach of Contract – The Oasis Station

66. Admitted and denied. The allegations contained in Paragraph 66 are admitted or denied for the reasons set forth in response to the allegations contained in Paragraph 1-65 inclusive which are incorporated herein by reference.

67. Denied.

68. Denied.

## COUNT IV

### Declaratory Judgment – The Oasis Station

69. Admitted and denied. The allegations contained in Paragraph 69 are admitted or denied for the reasons set forth in response to the allegations contained in Paragraph 1-68 inclusive which are incorporated herein by reference.

70. Denied.

71. Admitted only that the parties have an interest in a prompt resolution of their rights under the Agency Agreement. The remaining allegations are denied.

72. Denied.

73. Denied.

## COUNT V

### Tortious Interference– The Oasis Station

74. Admitted and denied. The allegations contained in Paragraph 74 are admitted or denied for the reasons set forth in response to the allegations contained in Paragraph 1-73 inclusive which are incorporated herein by reference.

75. Denied.

76. Denied.

77. Denied.

78. Admitted.

79. Admitted.

80. Denied.

81. Denied.

## COUNT VI

### Bad Faith – The Delmar Station & The Oasis Station

82. Admitted and denied. The allegations contained in Paragraph 82 are admitted or denied for the reasons set forth in response to the allegations contained in Paragraph 1-81 inclusive which are incorporated herein by reference.

83. Denied.

84. Denied.

85. Denied.

DB02:5954591.1    054769.1031

## COUNT VII

### Delaware Franchise Security Law

### The Oasis Station and The Delmar Station

86. Admitted and denied. The allegations contained in Paragraph 86 are admitted or denied for the reasons set forth in response to the allegations contained in Paragraph 1-85 inclusive which are incorporated herein by reference.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

## COUNT VIII

### Petroleum Marketing Practices Act

### The Mobil Station

92. Admitted and denied. The allegations contained in Paragraph 92 are admitted or denied for the reasons set forth in response to the allegations contained in Paragraph 1-91 inclusive which are incorporated herein by reference.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

## COUNT IX

### Attorney's Fees – The Delmar Station and The Oasis Station

97. Admitted and denied. The allegations contained in Paragraph 97 are admitted or denied for the reasons set forth in response to the allegations contained in Paragraph 1-96 inclusive which are incorporated herein by reference.

98. Denied to the extent that the allegations contained in Paragraph 98 purport to characterize the terms of the Dealer Agreement, the same are denied as the Dealer Agreement is an integrated agreement that can only be interpreted as a complete document.

99. Denied.

100. Denied.

### Affirmative Defenses

1. Plaintiff's Complaint fails to state a claim against answering Defendant upon relief can be granted.

2. Defendant had no obligation to seek Plaintiff's consent and/or approval to take an assignment of the interests of Peninsula Oil Company, Inc.

3. Defendant had no contractual obligation to provide Plaintiff with the lowest available freight charges.

4. The contractual obligations between Plaintiff and Defendant are set forth in written documents that cannot be altered or amended by a course of performance by Peninsula Oil Company, Inc. or any other party.

5. In April 2004, Sunoco, Inc. acquired all right title and interest in the Mobil brand for stations in Delaware and Maryland.

6. The incentive payment program in which Plaintiff participated at the Delmar Station was acquired by and supported by Sunoco, Inc. and all right title and interest in the benefits and obligations related to that program inure to the benefit of Sunoco, Inc.

7. Subsequent to its acquisition of the rights and interest in the Mobil name, all use and/or modification of the Mobil brand is subject to the direction and control of Sunoco, Inc.

8. As the owner of the Mobil brand, Sunoco has the right to determine its use, including the substitution of the designation "Sunoco" for the brand name "Mobil."

9. At no time has Defendant imposed obligations or demands upon Plaintiff that have required Plaintiff to make any additional capital investment other than as required by its existing contractual obligations.

10. Subsequent to the acquisition of the Mobil brand by Sunoco, the Mobil credit card processing system was no longer operational for any station in Delaware or Maryland.

11. Plaintiff has failed and refused to honor its obligations under the incentive program to continue as a Sunoco brand station despite that fact that "Mobil" became "Sunoco" by virtue of a transaction in which neither Plaintiff nor Defendant was a party.

12. Plaintiff's failure to allow Sunoco to substitute its name for Mobil is in violation of the obligation assumed under the incentive agreement contained in the Dealer Agreement.

13. Plaintiff's refusal to adopt the Sunoco brand is in breach of its obligations under the Dealer Agreement and all incentive payments received by Plaintiff are now due and payable to Sunoco.

14. Plaintiff has failed and refused to comply with the terms of the Agency Agreement by, among other things, failing to provide timely information on the volume of fuel sold and its competitive market.

15. Plaintiff has failed to purchase all gasoline motor fuels and diesel fuels exclusively from Defendant.

16. Plaintiff has failed and refused to cooperate with Defendant to repair and maintain Defendant's equipment in good and serviceable order.

17. Plaintiff has wrongfully withheld funds owed and owing to Defendant.

18. Plaintiff has failed and refused to cooperate by timely providing sales reports and other information that is required under the agreement.

19. Plaintiff tampered with and damaged Defendant's propriety software and has otherwise failed and refused to comply with its obligations to complete credit transactions pursuant to its agreements.

WHEREFORE, Defendant respectfully requests that Plaintiff's claims be denied and that judgment be entered in favor of Defendant, together with costs and counsel fees.

## Counterclaim

### Count I
### Breach of Contract – Delmar Station

1. Defendant hereby restates and realleges each of the allegations set forth in the foregoing Answer and Affirmative Defenses as if fully set forth herein.

2. Plaintiff is in breach of the Dealer Agreement as aforesaid, has failed and refused to permit to the Sunoco name to be substituted for Mobil despite being advised that the Mobil brand has become Sunoco, has violated the incentive program by refusing to substitute Sunoco for the Mobil brand, has violated the incentive program by refusing to repay the incentive money it has received from Sunoco/Mobil after being instructed to substitute the Sunoco name for Mobil at the Delmar Station, has violated its obligation to maintain all

equipment and communication costs associated with the acceptance of credit cards, and has otherwise failed to comply with the terms of the Dealer Agreement.

3. As a direct and proximate result of the conduct of Plaintiff as aforesaid, Sunoco has demanded the repayment of all incentive fees paid or payable to Plaintiff in an amount in excess of $100,000.00.

4. Pursuant to the terms of the Dealer Agreement, Plaintiff agreed to reimburse Defendant for any amount of the incentive payments it was required to repay.

5. Plaintiff has failed and refused to reimburse Defendant to Defendant's great detriment and loss.

WHEREFORE Defendant respectfully judgment in its favor and against Plaintiff in amount sufficient compensate Defendant for all for any and all damages sustained by Defendant as a result of Plaintiff's breach of contract together with interest and attorney's fees.

### Count II
### Breach of Contract – Laurel Oasis

6. Defendant hereby restates and realleges each of the allegations set forth in the foregoing Answer and Affirmative Defenses as if fully set forth herein.

7. The Equipment Loan Agreement for the Laurel Oasis location remains in full force and effect as it has not been terminated pursuant to its terms.

8. Commencing on July 11, 2006 at all times thereafter, in breach of the Agreement Plaintiff has failed and refused to dispense fuels supplied by Defendant.

9. Commencing on July 11, 2006 at all times thereafter, in breach of the Agreement Plaintiff has dispensed fuels supplied by suppliers other than Defendant through the equipment owned and maintained by Defendant.

10. For sometime prior to July 11, 2006, Plaintiff failed and refused to maintain daily records of motor fuels which it dispensed and to provide additional marketing information pertaining to its competitive market, all to Defendant's great detriment and loss.

11. Plaintiff has tampered with and damaged Defendant's property and equipment, has deleted propriety software and has otherwise damaged equipment loaned by Defendant.

WHEREFORE Defendant respectfully requests that judgment be entered in its favor and against Plaintiff awarding Defendant compensatory damages in amount sufficient to fully compensate Defendant for any and all damages sustained as a result of Plaintiff's breach of contract together with interests and counsel fees.

### Count III

### Conversion – Laurel Oasis

12. Defendant hereby restates and realleges each of the allegations set forth in the foregoing Answer and Affirmative Defenses as if fully set forth herein.

13. Plaintiff has seized possession of credit card transaction receipts for gasoline owned by Defendant and has converted the same to its own use.

14. Plaintiff has failed and refused to turn over the credit card receipts to Defendant despite demand for the same.

WHEREFORE Defendant demands judgment in its favor and against Plaintiff for an amount sufficient to fully compensate Defendant for any and all damages sustained by Defendant as a result of Plaintiff's conversion of Defendant's property together with interest, punitive damages and counsel fees.

DB02:5954591.1    054769.1031

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Seth J. Reidenberg
_____
Seth J. Reidenberg, Esquire (No. 3657)
The Brandywine Building
1000 West Street, 17th 19801
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6600

Hugh J. Hutchison, Esquire
Leonard, Sciolla, Hutchison, Leonard & Tinari, LLP
1515 Market Street, 18th Floor
Philadelphia, PA 19102
(215) 567-1530
(215) 564-4611 (fax)

Attorneys for Defendant GLES, Inc.,
A Delaware Corporation, d/b/a Sweet Oil Company

Dated: May 3, 2007

## CERTIFICATE OF SERVICE

I, Seth J. Reidenberg, Esquire, hereby certify that on May 3, 2007 I caused to be electronically filed a true and correct copy of the *Defendant's Answer to Amended Complaint with Counterclaim* with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

| | |
|---|---|
| John W. Paradee, Esquire | Thomas H. Kovach, Esquire |
| D. Benjamin Snyder, Esquire | PEPPER HAMILTON LLP |
| Glenn C. Mandalas, Esquire | Hercules Plaza, Suite 5100 |
| PRICKETT, JONES & ELLIOTT, P.A. | 1313 Market Street |
| 11 North State Street | P.O. Box 1709 |
| Dover, Delaware 19901 | Wilmington, DE 19899-1709 |

I further certify that on May 3, 2007 I caused a copy of the foregoing, *Defendant's Answer to Amended Complaint with Counterclaim*, to be served by hand delivery on the above-listed counsel of record.

_____
Seth J. Reidenberg, Esquire (No. 3657)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th 19801
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6600
(302) 576-3442 (fax)
*Attorneys for Defendant GLeS, Inc.,
A Delaware Corporation, d/b/a Sweet Oil Company*