IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| BCG, INC., a Delaware corporation, and<br>CHESAPEAKE PRODUCTS &<br>SERVICES, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>GLES, INC., a Delaware corporation,<br> d/b/a SWEET OIL COMPANY,<br><br>Defendant/Third Party<br>Plaintiff,<br><br>v.<br><br>SUNOCO, INC.,<br><br>Third-Party Defendant. | : C.A. No. 07-cv-207 (GMS)<br>:<br>: TRIAL BY JURY<br>: OF TWELVE DEMANDED<br>:<br>: NON-ARBITRATION CASE<br>: |

## PLAINTIFFS' REPLY TO DEFENDANT'S COUNTERCLAIM

COMES NOW, BCG, Inc. and Chesapeake Products & Services, Inc. (hereinafter referred to as the "Plaintiffs"), the Plaintiffs in the above-captioned action, by and through their counsel, who hereby answers the allegations of the Counterclaim filed by GLES, Inc. d/b/a Sweet Oil Company (hereinafter referred to as "Defendant"), as follows:

### Count I

1. Plaintiffs respond to each of the allegations contained within the Defendant's Affirmative Defenses, which are incorporated by reference into the Defendant's Counterclaim, as follows:

(1) Denied.

(2)  The allegations set forth in this paragraph state legal conclusions to which no response is required, and the Plaintiffs therefore deny same.

(3)  Denied.

(4)  The allegations set forth in this paragraph state legal conclusions to which no response is required, and the Plaintiffs therefore deny same.

(5)  The Plaintiffs are without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in this paragraph.

(6)  The Plaintiffs are without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in this paragraph.

(7)  The Plaintiffs are without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in this paragraph.

(8)  The Plaintiffs are without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in this paragraph.

(9)  Denied. By way of further response, the documents speak for themselves.

(10)  The Plaintiffs are without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in this paragraph.

(11)  Denied that the Plaintiffs have failed or refused to honor any obligation under the incentive program. The Plaintiffs are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations set forth in this paragraph. By way of further response, the documents speak for themselves.

(12) Denied. By way of further response, the documents speak for themselves.

(13) Denied. By way of further response, the documents speak for themselves.

(14) Denied.

(15) Admitted that Plaintiffs purchased motor fuels from suppliers other than the Defendant following the Plaintiffs' terminations of their contracts with the Defendant because of the Defendant's multiple breaches of its contractual obligations. The remaining allegations set forth in this paragraph are denied.

(16) Denied.

(17) Denied.

(18) Denied.

(19) Denied.

2. Denied that the Plaintiffs have violated any contractual or other obligation owed to the Defendant. By way of further response, the documents speak for themselves.

3. The Plaintiffs are without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 3, and therefore deny same.

4. Denied. By way of further response, the documents speak for themselves.

5. Admitted that the Plaintiffs have not repaid any incentive fees to the Defendant. By way of further response, the Plaintiffs specifically deny they had or have any such obligation. The remaining allegations set forth in paragraph 5 are denied.

### Count II

6. The Plaintiffs repeat and reallege their responses to the allegations set forth in paragraphs 1 through 6 above as though each such response were fully restated herein.

7. Denied.

8. Admitted that Plaintiff BCG has refused to purchase motor fuels for the Oasis Station from the Defendant since BCG terminated its contract with the Defendant because of the Defendant's multiple breaches of its contractual obligations. The remaining allegations set forth in this paragraph are denied.

9. Admitted that Plaintiff BCG purchased motor fuels for the Oasis Station from suppliers other than the Defendant following BCG's termination of its contract with the Defendant because of the Defendant's multiple breaches of its contractual obligations. The remaining allegations set forth in this paragraph are denied.

10. Denied.

11. Denied.

## Count III

12.     The Plaintiffs repeat and reallege their responses to the allegations set forth in paragraphs 1 through 11 above as though each such response were fully restated herein.

13.     Admitted that BCG offset the Gas Commissions, overcharges on diesel fuel, costs of equipment repairs, and credit card fees owed by the Defendant from amounts owed by BCG to Defendant for diesel fuel at the Oasis Station. The remaining allegations set forth in paragraph 13 are denied.

14.     Admitted that BCG offset the Gas Commissions, overcharges on diesel fuel, costs of equipment repairs, and credit card fees owed by the Defendant from amounts owed by BCG to Defendant for diesel fuel at the Oasis Station. The remaining allegations set forth in paragraph 14 are denied.

## FIRST AFFIRMATIVE DEFENSE

1.     The Defendant's Counterclaim fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

2.     The Defendant's Counterclaim is barred by the doctrines of set off and recoupment.

## THIRD AFFIRMATIVE DEFENSE

3.     The Defendant's Counterclaim is barred by the Defendant's breaches of contract and statutory violations.

WHEREFORE, the Plaintiffs respectfully pray that this Honorable Court award judgment in favor of the Plaintiffs and against the Defendant, dismiss the Defendant's Counterclaim, and grant the Plaintiffs their costs, reasonable attorney's fees, and such other and further relief as this Court may deem equitable and just.

PRICKETT, JONES & ELLIOTT, P.A.

*/s/ D. Benjamin Snyder*
John W. Paradee (DE Bar No. 2767)
D. Benjamin Snyder (DE Bar No. 4038)
Glenn C. Mandalas (DE Bar No. 4432)
11 North State Street
Dover, Delaware 19901
(302) 674-3841

*and*

Harry C. Storm
Lerch, Early & Brewer, Chartered
3 Bethesda Metro Center, Suite 460
Bethesda, MD 20814

Date: May 23, 2007          *Attorneys for the Plaintiffs.*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| BCG, INC., a Delaware corporation, and<br>CHESAPEAKE PRODUCTS &<br>SERVICES, INC., a Delaware corporation,<br><br>    Plaintiffs,<br><br>    v.<br><br>GLES, INC., a Delaware corporation,<br>d/b/a SWEET OIL COMPANY,<br><br>    Defendant/Third-Party<br>    Plaintiff,<br><br>    v.<br><br>SUNOCO, INC.,<br><br>    Third-Party Defendant. | C.A. No. 07-cv-207 (GMS)<br><br>TRIAL BY JURY<br>OF TWELVE DEMANDED<br><br>NON-ARBITRATION CASE |

**CERTIFICATE OF SERVICE**

I, D. Benjamin Snyder, hereby certify that on this 23rd day of May, 2007, I caused to be electronically filed a true and correct copy of the Plaintiffs' Reply to Defendant's Counterclaim with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

| | |
|---|---|
| Seth J. Reidenberg, Esquire<br>Young, Conaway, Stargatt & Taylor, LLP<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington DE  19899-0391 | Thomas H. Kovach, Esquire<br>Pepper Hamilton, LLP<br>Hercules Plaza, Suite 5100<br>1313 Market Street<br>P.O. Box 1709<br>Wilmington DE  19899-1709 |

I further certify that on this 23rd day of May, 2007, I caused two copies of the foregoing Plaintiffs' Reply to Defendant's Counterclaim to be served by U.S. Mail, postage prepaid, to the above-listed counsel of record.

18688.1\283340v1

PRICKETT, JONES & ELLIOTT, P.A.

BY: *[signature]*
D. BENJAMIN SNYDER (#4038)
11 North State Street
Dover Delaware 19901
(302) 674-3841
*Attorney for Plaintiffs BCG, Inc., et. al.*

18688.1\283340v1