IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| BCG, INC. and CHESAPEAKE PRODUCTS & SERVICES,<br><br>    Plaintiffs,<br><br>  v.<br><br>GLES, INC., d/b/a SWEET OIL COMPANY,<br><br>    Defendant/Third-Party Plaintiff,<br><br>  v.<br><br>SUNOCO, INC.,<br><br>    Third-Party Defendant. | C.A. No. 07-cv-207(GMS)<br><br>TRIAL BY JURY<br>OF TWELVE DEMANDED |

## JOINT STATUS REPORT

Pursuant to Federal Rule of Civil Procedure 16, and Local Rule 16.2(b), the parties offer the following joint status report:

1. **Jurisdiction and Service:**

The Plaintiffs believe that the matter is appropriately before this Court and that service is valid.

2. **Substance of the Action:**

This is an action for, among other things, breach of contract and tortious interference against the supplier of motor fuel to two retail gas stations owned by the Plaintiffs. The exclusive supply agreements for the two stations were assigned to the Defendant, Sweet Oil, in September of 2005. Since Sweet Oil assumed the obligations under the aforesaid supply agreements, the Plaintiffs allege that Sweet Oil has failed to

abide by the clear and unambiguous terms of the supply agreements (and the well-established course of performance between the Plaintiffs and their previous supplier) by, among other things, refusing to pay the Plaintiffs' incentive fees, refusing to competitively price the Plaintiffs' gasoline, and threatening baseless criminal prosecutions.

Sweet Oil denies these allegations and alleges that Plaintiff BCG is in breach of its contractual obligations. Moreover, Sweet Oil supplies motor fuel products to BCG through an agreement that ultimately was assigned to Sunoco. As a result of BCG's breaches, Sweet Oil is exposed to liability under its agreements with Sunoco. Sunoco has been joined as a party so that the rights and liabilities of all parties can be resolved in one forum. Sweet Oil further alleges that Sunoco has misused certain funds and will assert a claim for relief over that conduct.

Sunoco denies GLES, Inc. d/b/a Sweet Oil's ("Sweet Oil") allegations that it misused and/or improperly transferred any funds. Because the plaintiff refused to convert its stations to the Sunoco brand, Sunoco is entitled to liquidated damages under the Tosco Distributor Image Incentive Program Agreement by and between Sunoco and Sweet Oil. Sunoco has recovered those damages by invoicing Sweet Oil for the amounts due and owing and drafting Sweet Oil's bank account pursuant to an EFT agreement between the parties.

3.  **Identification of Issues:**

The Plaintiffs identify the following issues as the primary issues in the case:

(a) With regard to the Mobil gas station, whether the Defendant's failure to pay the Mobil incentive fees to the Plaintiffs, the Defendant's unilateral attempt

at re-branding the Mobil station to Sunoco, the Defendant's continued overcharging for freight, the Defendant's unilateral institution of an administrative fee for shipping, and the Defendant's elimination of the Plaintiffs' ability to accept Mobil credit card payments, constitute material breaches of the Dealer Agreement and the well-established course of performance between the Plaintiffs and the Plaintiffs' previous supplier;

    (b) With regard to the Oasis gas station, whether the Defendant's failure to competitively price gasoline at the Oasis gas station, overcharging of BCG for the price of diesel fuel, failure to pay the Gas Commissions, failure to make repairs to the Defendant's equipment at the Oasis gas station, and charging BCG for repairs to the Defendant's equipment at the Oasis gas station, constitute material breaches of the Agency Agreement and the well-established course of performance between the Plaintiffs and the Plaintiffs' previous supplier;

    (c) Whether Sweet Oil's Letter dated July 19, 2006, which contains representations that the Plaintiffs allege Sweet Oil knew to be false, and was sent to businesses with which Sweet Oil knew the Plaintiffs had valid business relationships and expectancies for such relationships, constitutes tortious interference with the Plaintiffs existing and prospective contractual relationships and has wrongfully caused the Plaintiffs to lose valid business relationships and expectancies for such relationships, causing the Plaintiffs to suffer monetary damages; and

    (d) Whether the Defendant's alleged failure to meet and fulfill its contractual obligations, tortiously interfering with the Plaintiffs' actual and prospective contractual relationships, and intentionally misrepresenting the availability of the Mobil and Texaco brands, solely in an effort to terminate and purge its existing contractual

obligations to the Plaintiffs and force a renegotiation of the aforesaid agreements, constitute violations of the Delaware Franchise Security Law, 6 <u>Del. C.</u> § 2551, *et seq.*, and/or the Petroleum Marketing Practices Act, 15 U.S.C. § 2801, *et seq.*

   (e) Whether BCG is in violation of the Dealer Agreement and therefore liable to indemnify Sweet Oil for any liability it may have to Sunoco.

   (f) Whether BCG is in violation of its Equipment Loan Agreement for the Laurel Oasis location by failing to accept and dispense fuel supplied by Sweet Oil and by tampering with and converting Sweet Oil's equipment.

   (g) Sweet Oil seeks a declaratory judgment setting forth the competing rights and liabilities of the parties regarding incentive payments paid or payable to either BCG and/or Sunoco.

   (h) Whether Sunoco has converted funds belonging to Sweet Oil by unilaterally improperly transferring funds in dispute from Sweet Oil's bank account via an unauthorized EFT transfer.

   4. **Narrowing of Issues:**

The parties agree that the issues as identified by the parties are as narrow as possible.

   5. **Relief:**

The Plaintiffs seek compensatory, punitive and statutory damages from Sweet Oil, including, but not limited to, compensation for unpaid incentive fees, lost profits, and reimbursement for credit card fees, equipment repairs, and overcharged freight paid by the Plaintiffs, as well as a declaratory judgment stating that Sweet Oil has breached the exclusive supply agreements, thereby rendering them null and void.

Sweet Oil seeks a declaratory judgment setting forth the competing rights and liabilities of the parties regarding incentive payments paid or payable to either BCG and/or Sunoco. Sweet Oil further seeks compensatory relief from BCG for breach of its Dealer Agreements and from Sunoco for misuse of Sweet Oil's funds.

6. **Amendment of Pleadings:**

Sweet Oil intends to file an Amended Third Party Complaint against Sunoco.

7. **Joinder of Parties:**

The parties do not anticipate joining any additional parties.

8. **Discovery:**

Neither party has yet served or conducted any discovery. The parties anticipate less than fifteen (15) depositions, including expert depositions, and estimate that discovery can be completed in approximately eight (8) months.

9. **Estimated Trial Length:**

The parties estimate that four (4) days will be needed for trial, including jury selection.

10. **Jury Trial:**

The Plaintiffs and the Defendant have demanded a jury trial.

11. **Settlement:**

The parties have not engaged in meaningful settlement discussions. The Plaintiffs remain willing to discuss settlement.

12. **Other Matters:**

There are no additional matters that require the Court's attention.

13. **Conference:**

The parties have conferred about each of the above matters.

                **PRICKETT, JONES & ELLIOTT, P.A.**

*/s/ D. Benjamin Snyder*
David E. Brand (DE Bar No. 201)
John W. Paradee (DE Bar No. 2767)
D. Benjamin Snyder (DE Bar No. 4038)
11 North State Street
Dover, Delaware 19901
(302) 674-3841

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| BCG, INC. and CHESAPEAKE PRODUCTS & SERVICES,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>GLES, INC., d/b/a SWEET OIL COMPANY<br><br>　　　　Defendant/Third-Party Plaintiff,<br><br>　　v.<br><br>SUNOCO, INC.,<br><br>　　　　Third-Party Defendant | C.A. No. 07-cv-207(GMS)<br><br>TRIAL BY JURY<br>OF TWELVE DEMANDED |

## CERTIFICATE OF SERVICE

I, D. Benjamin Snyder, hereby certify that on this 19th day of July, 2007, I caused to be electronically filed a true and correct copy of the Joint Status Report with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Seth J. Reidenberg, Esquire
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington DE  19899-0391

Thomas H. Kovach, Esquire
Pepper Hamilton, LLP
Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington DE  19899-1709

I further certify that on this 19th day of July, 2007, I caused a copy of the foregoing Joint Status Report to be served by U.S. Mail, postage prepaid, to the above-listed counsel of record.

PRICKETT, JONES & ELLIOTT, P.A.

BY: _____
D. BENJAMIN SNYDER (#4038)
11 North State Street
Dover Delaware 19901
(302) 674-3841
*Attorney for Plaintiffs BCG, Inc., et. al.*