**PRICKETT, JONES & ELLIOTT**
A PROFESSIONAL ASSOCIATION
**1310 KING STREET, BOX 1328**
**WILMINGTON, DELAWARE 19899**
TEL: (302) 888-6500
FAX: (302) 658-8111
http://www.prickett.com

Writer's Direct Dial:
(302)888-6514
Writer's Telecopy Number::
(302)658-8111
Writer's E-Mail Address:
DEBrand@prickett.com

Dover Office:
11 NORTH STATE STREET
DOVER, DELAWARE 19901
TEL: (302) 674-3841
FAX: (302) 674-5864

July 30, 2007

**VIA ELECTRONIC FILING**

Honorable Gregory M. Sleet
United States District Court for the
District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Room 4324
Lockbox 19
Wilmington, DE 19801

   RE: BCG, INC. v. GLES, INC. v. SUNOCO, INC.
      C.A. No. 07-cv-207 (GMS)

Dear Chief Judge Sleet:

  Our office is Delaware counsel for plaintiffs. Attached please find a Scheduling Order I have prepared following the status/scheduling conference conducted by the Court on July 23, 2007.

  Counsel for all parties have approved this order.

  If the attached order prompts questions, counsel are available to respond at the Court's convenience.

          Respectfully submitted,

          /s/ David E. Brand

          David E. Brand, Esquire
          Bar ID No. 201

cc: Seth J. Reidenburg, Esq.
   Hugh Hutchison, Esq.
   Thomas Kovach, Esq.
   A. Christopher Young, Esq.
   Harry C. Storm, Esq.
   John W. Paradee, Esq.
   D. Benjamin Snyder, Esq.

Enc. Proposed Scheduling Order

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BCG, INC. and CHESAPEAKE PRODUCTS & SERVICES,<br><br>              Plaintiffs,<br><br>     v.<br><br>GLES, INC., d/b/a SWEET OIL COMPANY,<br><br>              Defendant/Third-Party Plaintiff,<br><br>     v.<br><br>SUNOCO, INC.,<br><br>              Third-Party Defendant. | C.A. No. 07-cv-207 (GMS)<br><br>TRIAL BY JURY OF TWELVE DEMANDED. |

## SCHEDULING ORDER

This _____ day of _____, **2007**, the Court having conducted a Rule 16 Scheduling Conference pursuant to Local Rule 16.2(b) on **July 23, 2007**, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

1. **Rule 26(a) Initial Disclosures**: Unless otherwise agreed to by the parties, they shall make their initial disclosures pursuant to Federal Rules of Civil Procedure 26(a) on or before **August 30, 2007**.

2. **Joinder of other Parties and Amendment of Pleadings**: All motions to join other parties and amend the pleadings shall be filed on or before **September 6, 2007**.

3. **Discovery**: All discovery in this case shall be initiated so that it will be completed on or before **March 24, 2008**. Expert reports on issues for which parties have the burden of proof are due **January 31, 2008**. Rebuttal expert reports are due **February 28, 2008**.

    a. **Discovery and Scheduling Matters**: Should counsel find they are unable to resolve a discovery or scheduling matter, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference. Not less than forty-eight hours prior to the teleconference, the parties shall file with the court, via electronic means (CM/ECF), a **joint, non-argumentative** letter agenda not to exceed two (2) pages outlining the issue(s) in dispute. A sample letter can be located on this court's website at www.ded.uscourts.gov. After the parties have had three (3) discovery teleconferences, they will be required to file a joint letter showing good cause why the court should permit a fourth discovery teleconference. Should the court find further briefing necessary upon conclusion of the telephone conference, unless otherwise directed, the party seeking relief shall file with the court a **TWO PAGE LETTER**, exclusive of exhibits, describing the issues in contention. The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES**. The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

4. **Confidential Information and Papers filed under Seal**: Should counsel find it will be necessary to apply to the court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the court within ten (10) days from the date of this

order. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

**If, after making a diligent effort, the parties are unable to agree on the contents of the joint, proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 3(a).**

5. **Settlement Conference**: Pursuant to 28 U.S.C. §636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. The parties agree that the possibility of settlement may be enhanced by such referral and the parties shall be contacted by Magistrate Judge Thynge or Magistrate Judge Stark to schedule a settlement conference with counsel and clients.

6. **Case Dispositive Motions**: All case dispositive motions and an opening brief and affidavits, if any, in support of the motion shall be served and filed on or before **April 7, 2008**. Briefing will be presented pursuant to the court's Local Rules, unless the parties agree to an alternative briefing schedule. Any such agreement shall be in writing and filed with the Court for the Court's approval. Any request for extensions of time as set forth in this Scheduling Order **must** be accompanied by an explanation or your request will be denied.

7. **Applications by Motion**: Except as provided in this Scheduling Order or for matters relating to scheduling, any application to the Court shall be by written motion filed, via electronic means (CM/ECF). Unless otherwise requested by the Court, counsel shall **not** deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

8. **Oral Argument**. If the Court believes that oral argument is necessary, the Court will schedule a hearing Pursuant to Local Rule 7.1.4.

9.   **Pretrial Conference**. On **September 3, 2008**, beginning at **10:00 a.m.**, the Court will hold a Pretrial Conference in Chambers with counsel. Unless otherwise ordered by the Court, the parties should assume that filing the Joint Pretrial Order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3). A sample form of Pretrial Order can be located on this court's website at www.ded.uscourts.gov. Thirty (30) days before the Joint Proposed Pretrial Order is due, plaintiff's counsel shall forward to defendant's counsel a draft of the pretrial order containing the information plaintiff proposes to include in the draft. Defendant's counsel shall, in turn, provide to plaintiff's counsel any comments on the plaintiff's draft as well as the information defendant proposes to include in the proposed pretrial order. **Motions *in limine***: No party shall file more than five(5) motions *in limine*. Opening Briefs on all motions in *limine* shall be filed by **July 21, 2008**. Answering brief on all motions in limine shall be filed by **August 4, 2008**, and all reply briefs shall be filed by **August 11, 2008**. Opening and answering briefs shall not exceed five (5) pages and reply briefs shall not exceed three (3) pages. The parties shall file with the court the **joint** proposed final pretrial order with the information required by the form of Final Pretrial Order which can be located on this court's website at www.ded.uscourts.gov on or before **August 11, 2008**.

10.  **Trial**. This matter is scheduled for a **4** day **jury** trial beginning at 9:00 a.m. on **September 22, 2008**.

11.  **Scheduling**: The parties shall contact chambers, at (302) 573-6470, only in situations where scheduling relief is sought and only then when ALL participating counsel is on the line for purposes of selecting a new date.

_____
UNITED STATES DISTRICT JUDGE

Non-Patent Scheduling Order Rev. 2/9/07