IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BCG, INC. and CHESAPEAKE PRODUCTS & SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GLES, INC., d/b/a SWEET OIL COMPANY, <br><br> Defendant/Third-Party Plaintiff, <br><br> v. <br><br> SUNOCO, INC., <br><br> Third-Party Defendant. | C.A. No. 07-cv-207 (GMS) <br><br> TRIAL BY JURY OF TWELVE DEMANDED. |

### Plaintiffs' First Set of Interrogatories Directed to Defendant

COME NOW the Plaintiffs in the above-captioned civil action, by and through the undersigned counsel and pursuant to Rule 33 of the Federal Rules of Civil Procedure, who hereby propounds the following interrogatories upon the Defendant in the above-captioned civil action, to be answered in writing under oath within 30 days of service thereof:

### DEFINITIONS AND INSTRUCTIONS

The following instructions and definitions form an integral part of the Interrogatories propounded herein:

1. "You", "Your", or "Defendant" shall mean and refer to Gles, Inc., a Delaware corporation, d/b/a Sweet Oil, together with its respective officers, directors, shareholders, employees, affiliates, representatives, agents, attorneys, and anyone acting or purporting to act on its behalf.

2. "Plaintiffs" shall mean and refer to BCG, Inc., a Delaware corporation, and Chesapeake Products & Services, Inc., a Delaware corporation, the Plaintiffs in the above-captioned action, together with their respective officers, directors, shareholders, employees, affiliates, representatives, agents, and attorneys.

3. "Documents" shall mean and refer to any writing or recording of any type or description in your possession, custody, or control or the possession, custody, or control of your heirs, assigns, representatives, agents, employees, or attorneys, including but not limited to your counsel of record in the above-captioned action and all other persons acting or purporting to act on your behalf or known to you, wherever located, however produced or reproduced, whether an original or copy (including any non-identical copies, whether different from the original because of any alteration, notes, comments or otherwise), together with any supplements or attachments thereto or enclosures therewith.

4. "Pleadings" shall mean and refer to any and all papers filed with a Court in the above-captioned action, including, without limitation, any and all petitions, complaints, answers, replies, motions, responses, and memoranda.

5. "Person" shall mean and refer to any individual, corporation, organization, governmental unit, association, partnership, firm, or any other group of individuals comprising an entity.

6. "Identify" shall mean, as applied to an individual, to state:
   (a) the individual's full name;
   (b) the individual's present or last known business and residential addresses and telephone numbers;
   (c) the individual's present or last known occupation;
   (d) the individual's present or last known business or professional position (including, without limitation, the individual's job title and a description of the individual's job functions, duties, and responsibilities).

7. "Identify" shall mean, as applied to an organization, to state:
   (a) the full name of the organization;
   (b) the address and telephone numbers of the principal place of business of the organization;
   (c) the state of incorporation for the organization, if any;
   (d) the type of entity the organization is; and
   (e) a brief description of the role the organization played in relation to the subject matter of this litigation.

8. "Identify" shall means, as applied to an oral communication, to state:
   (a) the subject matter of the communication;
   (b) the date upon which it was made;

        (c)     all individuals present when it was made;
        (d)     by whom it was made and to whom it was directed;
        (e)     whether it was recorded, described, or summarized in any document; and if so, the identity of each such document.

9.    "Identify" shall mean, as applied to a document, to state:
        (a)     the nature of the document (e.g., letter, contract, memorandum) and any other information which would facilitate the identification thereof (e.g., its title, index, or file number);
        (b)     its date of preparation;
        (c)     its present location and the identity of its current custodian or, if its present location and custodian are not known, a description of its last known disposition;
        (d)     its subject matter and substance or, in lieu thereof, annex a legible copy of the document to your answers to these Interrogatories;
        (e)     the identity of any person who performed any function or had any role in connection therewith (e.g., author, contributor, recipient, etc.) or who has any knowledge thereof, together with a description of each such person's function, role, or knowledge;
        (f)     if the document is no longer in existence or cannot be found, the reason why each document no longer exists, the identity of the person(s) responsible for the document's no longer being in existence, and the identity of the document's last custodian; and
        (g)     whenever the identification of a document is requested and the document is one of a series of two or more pages, or in the case of magnetic tape, microfilm, print-outs, etc., is contained in a portion thereof, include in your identification of said document the number of the particular page or pages (or other descriptive aid) and the particular line or lines thereof upon which the information referred to in the Interrogatory or in your answer appears.

10.    "Describe" shall mean to set forth fully the underlying facts (rather than ultimate facts or conclusions of fact or law), including the following information:
        (a)     date;
        (b)     time;
        (c)     location;
        (d)     the identity of all individuals present;
        (e)     the identity of each and every person who has or may have knowledge or information of such fact, and a description of the facts known or believed to be known by him;
        (f)     the identity of all documents which evidence or relate to that which is to be described; and

    (g)    the identity of all other sources of information, including without limitation individuals, organizations, documents, and communications upon which your knowledge or belief as to such facts is based.

11.   "Factual basis" shall mean:
    (a)    each item of information upon which the allegation, contention, claim, or demand to which it pertains is based; and
    (b)    with respect to each such item of information, each person having knowledge and each source thereof, including but not limited to each document, oral communication, act, action, activity, accounting, course of conduct, happening, relationship, scheme, conference, discussion(s), development, services, instance, incident, event, audit, calculation, and computation upon which you rely with respect thereto.

12.   Wherever used herein, the singular shall be deemed to include the plural, and the plural shall be deemed in include the singular, the masculine shall be deemed to include the feminine, and the feminine shall be deemed to include the masculine, the terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the interrogatory inclusive rather than exclusive, and each of the functional words "each", "every", "any", and "all" shall be deemed to include each of the other functional words.

## CLAIMS OF PRIVILEGE

13.   If you object to any of these Interrogatories, whether in whole or in part, on the grounds that the information sought therein is privileged or confidential, state the following:
    (a)    identify the nature of the privilege being exercised;
    (b)    identify the privileged document or communication;
    (c)    identify each person who has received the privileged document and/or the person(s) present during the privileged communication;
    (d)    identify their occupation and title, if any, as of the time to which the Interrogatory is directed;
    (e)    their present occupation and title, if any;
    (f)    identify their present or last known home and business address and telephone number for each such address;
    (g)    give a brief description of the role played by such individual in relation to the subject matter of this litigation.

## CONTINUING NATURE

14.   These Interrogatories are continuing in nature, and whenever additional information responsive to them is obtained or becomes known to the party answering

these Interrogatories, it shall be supplied in writing under oath, as though expressly requested by separate Interrogatories.

## INTERROGATORIES

1. Identify each person (including his or her relationship to you) who has assisted in answering or otherwise responding to these Interrogatories and/or Plaintiffs' First Request for Production of Documents, and state specifically which Interrogatories or Requests each such person has assisted in answering or otherwise responding.

ANSWER:

2. Identify each document which was used in any way as a source, in whole or in part, for preparation of your answers to these interrogatories.

ANSWER:

3. Identify each expert witness you expect or intend to call to testify in this case. Regarding each such expert witness:

(a) state the subject matter upon which the witness is expected to testify;

(b)    state the witness' conclusions and opinions and a summary of the grounds for such conclusions and opinions;

(c)    state the witness' qualifications to render an opinion on the subject matter;

(d)    identify (and provide a copy of) all documents on which the witness relied in reaching his or her opinion(s); and

(e)    provide a copy of any report the witness has prepared in connection with his or her opinion(s), as well as a copy of the witness' resume or curriculum vitae.

ANSWER:


4.    State whether you or any person acting on your behalf has obtained statements, in any form, from any person, including any of the parties or their representatives in this action, regarding any of the facts, events, circumstances, or subject matter of this case and if so, identify the person from whom each statement was taken, the date thereof, whether the statements were written, recorded, or oral and the location of the statements at the present time.

ANSWER:

5. If you intend to rely upon any statement that you contend constitutes an admission, either oral or written, by silence, acquiescence, or otherwise, made by the Plaintiffs, or any of their employees, agents, or principals, state the substance of each such statement, the date and place made, the names of the persons in whose presence it was made, and the name of the person making the statement, identifying any and all documents memorializing, evidencing, or supporting such statements.

ANSWER:

6. For each of the affirmative defenses raised by you in your Answer and Counterclaim, separately describe with specificity the factual basis supporting each such affirmative defense.

ANSWER:

7.  For each of the Paragraphs of the Complaint that you denied in whole or in part, describe the factual basis for the denial.

**ANSWER:**

8.  Identify and describe all lawsuits to which you are or were a party.

**ANSWER:**

9.  Identify, itemize and quantify all monetary damages that you seek through your Counterclaim.

**ANSWER:**

10. Identify and describe in detail any and all facts that support or relate to your allegations in your Sixteenth Affirmative Defense that "Plaintiff has failed and refused to cooperate with Defendant to repair and maintain Defendant's equipment in good and serviceable order."

**ANSWER**:

11. Identify and describe in detail any and all facts that support or relate to your allegations in your Seventeenth Affirmative Defense that "Plaintiff has wrongfully withheld funds owed and owing to Defendant."

**ANSWER**:

12. Identify and describe in detail any and all facts that support or relate to your allegations in your Eighteenth Affirmative Defense that "Plaintiff has failed

and refused to cooperate by timely providing sales reports and other information that is required under the agreement."

**ANSWER**:

13. Identify and describe in detail any and all facts that support or relate to your allegations in your Nineteenth Affirmative Defense that "Plaintiff tampered with and damaged Defendant's propriety [sic] software and has otherwise failed and refused to comply with its obligations to complete credit transactions pursuant to its agreements."

**ANSWER**:

14. Identify all persons responsible for the setting of motor fuel prices and/or retail prices at either of the Plaintiffs' stations.

**ANSWER**:

15. Identify all persons responsible for the payment of monies to and/or crediting of Plaintiffs' accounts.

**ANSWER**:

                              **PRICKETT, JONES & ELLIOTT, P.A.**

                              /s/ D. Benjamin Snyder
                              David E. Brand (DE Bar No. 201)
                              John W. Paradee (DE Bar No. 2767)
                              D. Benjamin Snyder (DE Bar No. 4038)
                              11 North State Street
                              Dover, Delaware 19901
                              (302) 674-3841

                              *and*

                              Harry C. Storm
                              Lerch, Early & Brewer, Chartered
                              3 Bethesda Metro Center, Suite 460
                              Bethesda, MD 20814

Date: September 25, 2007         *Attorneys for the Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| BCG, INC. and CHESAPEAKE PRODUCTS & SERVICES,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>GLES, INC., d/b/a SWEET OIL COMPANY<br><br>　　　　　Defendant/Third-Party Plaintiff,<br><br>　　v.<br><br>SUNOCO, INC.,<br><br>　　　　　Third-Party Defendant | C.A. No. 07-cv-207(GMS)<br><br>TRIAL BY JURY OF TWELVE DEMANDED |

**CERTIFICATE OF SERVICE**

　　I, D. Benjamin Snyder, hereby certify that on this 20th day of September, 2007, I caused to be electronically filed a true and correct copy of the PLAINTIFFS' FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Seth J. Reidenberg, Esquire
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington DE  19899-0391

Thomas H. Kovach, Esquire
Pepper Hamilton, LLP
Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington DE  19899-1709

Hugh J. Hutchinson, Esquire
Leonard, Sciolla, Hutchinson,
Leonard & Tinari, LLP
1515 Market Street, 18th Floor
Philadelphia, PA 19102

I further certify that on this 25th day of September, 2007, I caused a copy of the foregoing PLAINTIFFS' FIRST SET OF INTERROGATORIES DIRECTED TO DFEENDANT to be served by U.S. Mail, postage prepaid, to the above-listed counsel of record.

          **PRICKETT, JONES & ELLIOTT, P.A.**

By: _____
David E. Brand (DE Bar No. 201)
John W. Paradee (DE Bar No. 2767)
D. Benjamin Snyder (DE Bar No.. 4038)
11 North State Street
Dover, Delaware 19901
(302) 674-3841

and

Harry C. Storm
Lerch, Early & Brewer, Chartered
3 Bethesda Metro Center, Suite 460
Bethesda, MD 20814

*Attorneys for the Plaintiffs*

DATED: September 25, 2007