IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BCG, INC. and CHESAPEAKE<br>PRODUCTS & SERVICES, INC.,<br><br>           Plaintiffs,<br><br>    v.<br><br>GLES, INC., d/b/a SWEET OIL COMPANY,<br><br>           Defendant/Third-Party<br>           Plaintiff,<br><br>    v.<br><br>SUNOCO, INC.,<br><br>           Third-Party<br>           Defendant. | C.A. No. 07-cv-207 (GMS)<br><br><br>TRIAL BY JURY OF TWELVE<br>DEMANDED. |

### Plaintiffs' First Request for Production to Defendant

COME NOW BCG, Inc. and Chesapeake Products & Services, Inc., the Plaintiffs in the above-captioned civil action, by and through the undersigned counsel and pursuant to Rule 34 of the Federal Rules of Civil Procedure, who hereby request that the Defendant, Gles, Inc. d/b/a Sweet Oil Company, produce the following documents for inspection and copying at the law offices of Prickett, Jones & Elliott, 11 North State Street, Dover, Delaware 19901, within 30 days of the service hereof:

### DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions form an integral part of the Requests for Production propounded herein:

A.   "You", "Your", or "Defendant" shall mean and refer to Gles, Inc., a Delaware corporation, d/b/a Sweet Oil, together with its respective officers, directors, shareholders, employees, affiliates, representatives, agents, attorneys, and anyone acting or purporting to act on its behalf. Pursuant to Rule 26 of the Federal Rules of Civil Procedure, your responses to these Requests shall include all non-privileged information available to you directly or through your respective officers, directors, shareholders, employees, affiliates, representatives, agents, and attorneys, including information or knowledge in the possession of any other persons or entities that are subject to your direction or control.

B.   "Plaintiffs" shall mean and refer to BCG, Inc., a Delaware corporation, and Chesapeake Products & Services, Inc., a Delaware corporation, the Plaintiffs in the above-captioned action, together with their respective officers, directors, shareholders, employees, affiliates, representatives, agents, and attorneys.

C.   "Third-Party Defendant" shall mean and refer to Sunoco, Inc, the Third-Party Defendant in the above-captioned action.

D.   The words "document" and "documents" are used in the broadest sense permissible under the Federal Rules of Civil Procedure and, without limitation, shall mean and refer to any writings, drawings, graphs, charts, photographs, recordings, or other data compilations, of any type or description, in your possession, custody, or control or the possession, custody, or control of your officers, directors, shareholders, employees, affiliates, representatives, agents, attorneys, successors, heirs or assigns, including but not limited to your counsel of record in the above-captioned action and all other persons acting or purporting to act on your behalf or known to you, wherever located, however produced or reproduced, whether an original, a draft, or a copy (including any non-identical copies, whether different from the original because of any alteration, notes, comments or otherwise), together with any supplements or attachments thereto or enclosures therewith.

E.   The words "communication" or "communications" mean any expression of thoughts or ideas, whether oral, written or by other conduct, at any time or place and under any circumstances whereby information, questions, exclamations, or demands of any kind or nature were transmitted, transferred, conveyed, delivered, provided, disseminated, reported, requested, or stated.

F.   "Pleadings" shall mean and refer to any and all papers filed with a Court in the above-captioned action, including, without limitation, any and all petitions, complaints, counterclaims, answers, replies, motions, responses, and memoranda.

G.   "Person" shall mean and refer to any individual, corporation, organization, governmental unit, association, partnership, firm, or any other group of individuals comprising an entity.

H. Wherever used herein, the singular shall be deemed to include the plural, and the plural shall be deemed in include the singular, the masculine shall be deemed to include the feminine, and the feminine shall be deemed to include the masculine, the terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the document request inclusive rather than exclusive, and each of the functional words "each", "every", "any", and "all" shall be deemed to include each of the other functional words.

I. These Requests require you to furnish all non-privileged information available to you in accordance with the Federal Rules of Civil Procedure. Even if investigation or discovery relating to a Request is ongoing, furnish as much information as you have available to you relating to that Request. If you cannot respond to any portion of any of these Requests in full after exercising due diligence to secure the information, then so state, and respond to the extent possible, stating whatever information or knowledge you may have.

J. If you object or claim privilege as to all or part of the information requested by any of these Requests, identify the nature of the privilege and the factual basis therefore. In addition, when objecting or claiming privilege with respect to a written communication or other document, provide:
    (a) a description of the type of document it is (e.g., letter or memorandum);
    (b) its general subject matter;
    (c) its date of preparation; and
    (d) such other information as is sufficient to identify the document with reasonable particularity for subpoena duces tecum, including, where appropriate, the author, addressee and any other recipient of the document.

K. Pursuant to the Federal Rules of Civil Procedure, these Requests are continuing in nature so as to require you to amend or supplement your responses promptly if you obtain further information.

L. Unless otherwise stated, these Requests refer to the times, persons, places, and events and circumstances referred to in the pleadings in this action.

M. The terms "refer" and "relate" mean reflecting, concerning, comprising, constituting, embodying, evidencing, mentioning or having any connection with or bearing upon, directly or indirectly, the matter set forth in the Request.

N. The term "Complaint" shall mean and refer to the first amended complaint filed by the Plaintiffs on March 27, 2007.

O. All other capitalized terms shall have the meanings or definitions given them in the Complaint.

## REQUESTS

1.      All documents identified or to which you made reference in your answers to Plaintiffs' First Set of Interrogatories Directed to Defendant in the above-captioned action.

**RESPONSE**:


2.      All documents that were consulted or reviewed in the preparation of your answers to Plaintiffs' First Set of Interrogatories Directed to Defendant or your responses to this Request for Production of Documents.

**RESPONSE**:


3.      All documents or other tangible items which you intend to use, offer, or introduce into evidence at any hearing or trial in the above-captioned action.

**RESPONSE**:


4.      All documents that refer or relate to any statements made at any time in regard to the matters alleged in the pleadings by you or any other person, including but not limited to any summaries, notes, tapes, or memoranda of any witnesses or other persons having knowledge of facts alleged in the pleadings.

**RESPONSE**:

5.   All reports, records and communications generated in connection with the above-captioned action by any expert witness retained by or on behalf of the Defendant in relation to the above-captioned action.

**RESPONSE**:

6.   All resumes, curricula vitae, or other documents relating to the qualifications of any expert witness retained by or on behalf of Defendant in relation to the above-captioned action.

**RESPONSE**:

7.   All documents that refer or relate to any agreement, contract or other understanding that refers or relates to the Plaintiffs, including but not limited to the Dealer Agreement and the Agency Agreement identified in the Complaint, as well as all correspondence and documents relating to the negotiation of all such agreements, contracts or understandings.

**RESPONSE**:

8.   All documents that refer or relate to any correspondence or other communications that refer or relate to the Plaintiffs, including without limitation, all communications between the Defendant and the Third-Party Defendant that refer or relate to the Dealer Agreement, the Agency Agreement, the Mobil incentive fees, and/or the unavailability or removal of the Mobil brand at the Mobil Station.

**RESPONSE**:

9.  All documents that refer or relate to any damages you alleged to have suffered as a result of the conduct of the Plaintiffs.

**RESPONSE**:

10. All documents that refer or relate to your allegation in your Fifth Affirmative Defense that "[i]n April 2004, Sunoco, Inc. acquired all right title and interest in the Mobil brand for stations in Delaware and Maryland."

**RESPONSE**:

11. All documents that refer or relate to your allegation in your Sixth Affirmative Defense that "[t]he incentive payment program in which Plaintiff participated at the Delmar Station was acquired by and supported by Sunoco, Inc. and all right title and interest in the benefits and obligations related to that program inure to the benefit of Sunoco, Inc."

**RESPONSE**:

12. All documents that refer or relate to your allegation in your Seventh Affirmative Defense that "[s]ubsequent to its acquisition of the rights and interest in the Mobile name, all use and/or modification of the Mobil brand is subject to the direction and control of Sunoco, Inc."

**RESPONSE**:

13. All documents that refer or relate to your allegation in your Tenth Affirmative Defense that "[s]ubsequent to the acquisition of the Mobil brand by Sunoco, the Mobil credit card processing system was no longer operational for any station in Delaware or Maryland."

**RESPONSE**:

14. All documents that refer or relate to your allegation in your Eleventh Affirmative Defense that "Plaintiff has failed and refused to honor its obligations under the incentive program to continue as a Sunoco brand station despite the fact that 'Mobile became 'Sunoco' by virtue of a transaction in which neither Plaintiff nor Defendant was a party."

**RESPONSE**:

15. All documents that refer or relate to your allegation in your Fourteenth Affirmative Defense that "Plaintiff has failed and refused to comply with the terms of the Agency Agreement by, among other things, failing to provide timely information on the volume of fuel sold and its competitive market."

**RESPONSE**:

16. All documents that refer or relate to your allegation in your Sixteenth Affirmative Defense that "Plaintiff has failed and refused to cooperate with Defendant to repair and maintain Defendant's equipment in good and serviceable order."

**RESPONSE**:


17. All documents that refer or relate to your allegation in your Eighteenth Affirmative Defense that "Plaintiff has failed and refused to cooperate by timely providing sales reports and other information that is required under the agreement."

**RESPONSE**:


18. All documents that refer or relate to your allegation in your Nineteenth Affirmative Defense that "Plaintiff tampered with and damaged Defendant's propriety [sic] software and has otherwise failed and refused to comply with its obligations to complete credit transactions pursuant to its agreements."

**RESPONSE**:


19. All documents that refer to or relate to any correspondence or other communications from, to, among, or between the Defendant and the Third-Party Defendant that refer or relate to the Plaintiffs.

**RESPONSE**:


20.     All documents that you contend support any position you have taken or will take in the above-captioned action, including but not limited to all documents that support any of the allegations contained in the Defendant's Counterclaim.

**RESPONSE**:


21.     All documents that refer or relate to any communications between the Defendant and any other person, including, without limitation, GPM Investments, Valero Energy Corporation, Eagle Transport, Carroll Independent Fuel, CATO, Inc., the Delaware City Refinery, Eastern Petroleum, Ewing Oil Company, J. Wm. Gordy Fuel, Ocean Petroleum, Pep-Up, PMG, Service Energy, LLP, and/or Wilson Baker, that refers or relates to the Plaintiffs.

**RESPONSE**:


22.     All documents that refer or relate to the pricing of gasoline sold at the Oasis Station, including, without limitation, all documents that form the basis for the Defendant's setting of the price for gasoline sold at the Oasis Station.

**RESPONSE**:


23.     All documents that refer or relate to unavailability of the Mobil brand and/or the removal of the Mobil brand from the Delmar gas station.

**RESPONSE**:

24.     All documents that refer or relate to the statement made by Marc L. Greco, on behalf of the Defendant, that "Mobil has become Sunoco in the Mid-Atlantic states by FTC decree."

**RESPONSE**:

25.     All documents that refer or relate to the Defendant's statements, in the letter from Ben LeRoy dated July 19, 2006, that "[c]urrently, the station is being monitored to evaluate compliance/non-compliance with the Agreement" and/or that "Sweet Oil has initiated legal action to enjoin any company from selling and/or transporting any motor fuel with the intention that it be sold to the public from this location."

**RESPONSE**:

26.     All documents that refer or relate to the Defendant's refusal and/or failure to pay the Mobil incentive money as set forth in Paragraph 25 of the Complaint and/or the Defendant's refusal and/or failure to pay the Gas Commissions as set forth in Paragraph 40 of the Complaint.

**RESPONSE**:

27. All documents that refer or relate to the Defendant's demand that the Plaintiffs pay for credit card processing changes at the Mobil station, as set forth in Paragraph 25 of the Complaint.

**RESPONSE**:


28. All documents that refer or relate to any price surveys relied upon by the Defendant to set Plaintiffs' whole sale and/or retail prices.

**RESPONSE**:


29. All documents that refer or relate to the assignment of the Plaintiffs' agreements with Peninsula Oil Company to the Defendant.

**RESPONSE**:


30. All documents that refer or relate to any price surveys relied upon by the Defendant to set Plaintiffs' whole sale and/or retail prices.

**RESPONSE**:

                                  **PRICKETT, JONES & ELLIOTT, P.A.**

/s/ D. Benjamin Snyder
_____
David E. Brand (DE Bar No. 201)
John W. Paradee (DE Bar No. 2767)
D. Benjamin Snyder (DE Bar No. 4038)
11 North State Street
Dover, Delaware 19901
(302) 674-3841

*and*

Harry C. Storm
Lerch, Early & Brewer, Chartered
3 Bethesda Metro Center, Suite 460
Bethesda, MD 20814

Date: September 25, 2007        *Attorneys for the Plaintiffs*

12

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| BCG, INC. and CHESAPEAKE PRODUCTS & SERVICES,<br><br>Plaintiffs,<br><br>v.<br><br>GLES, INC., d/b/a SWEET OIL COMPANY<br><br>Defendant/Third-Party Plaintiff,<br><br>v.<br><br>SUNOCO, INC.,<br><br>Third-Party Defendant | C.A. No. 07-cv-207(GMS)<br><br>TRIAL BY JURY OF TWELVE DEMANDED |

## CERTIFICATE OF SERVICE

I, D. Benjamin Snyder, hereby certify that on this 25th day of September, 2007, I caused to be electronically filed a true and correct copy of the PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO DEFENDANT with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Seth J. Reidenberg, Esquire
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington DE 19899-0391

Thomas H. Kovach, Esquire
Pepper Hamilton, LLP
Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington DE 19899-1709

Hugh J. Hutchinson, Esquire
Leonard, Sciolla, Hutchinson,
Leonard & Tinari, LLP
1515 Market Street, 18th Floor
Philadelphia, PA 19102

I further certify that on this 25th day of September, 2007, I caused a copy of the foregoing PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO DEFENDANT to be served by U.S. Mail, postage prepaid, to the above-listed counsel of record.

PRICKETT, JONES & ELLIOTT, P.A.

By: /s/ DB
David E. Brand (DE Bar No. 201)
John W. Paradee (DE Bar No. 2767)
D. Benjamin Snyder (DE Bar No.. 4038)
11 North State Street
Dover, Delaware 19901
(302) 674-3841

and

Harry C. Storm
Lerch, Early & Brewer, Chartered
3 Bethesda Metro Center, Suite 460
Bethesda, MD 20814

*Attorneys for the Plaintiffs*

DATED: September 25, 2007