**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BCG, INC. and <br> CHESAPEAKE PRODUCTS & SERVICES, <br><br> Plaintiffs, <br><br> v. <br><br> GLES, INC. d/b/a SWEET OIL COMPANY, <br><br> Defendant/Third-Party Plaintiff, <br> v. <br><br> SUNOCO, INC., <br><br> Third-Party Defendant. | C.A. No. 07-cv-207 (GMS) <br><br> TRIAL BY JURY <br> OF TWELVE DEMANDED <br><br> NON-ARBITRATION CASE |

**THIRD-PARTY DEFENDANT SUNOCO, INC.'S ANSWER AND DEFENSES TO**
**DEFENDANT/THIRD PARTY PLAINTIFF'S AMENDED COMPLAINT**

1.     Admitted, upon information and belief.

**THE PARTIES**

2.     Admitted, upon information and belief.

3.     Admitted, upon information and belief.

4.     Admitted in part, denied as stated. Sunoco admits only that it is a Pennsylvania corporation doing business in the State of Delaware with a registered address at the Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware. Sunoco, by reason of assignment from Conoco Phillips Company ("COP") on or about April 28, 2004, is successor to certain agreements between Tosco Refining L.P. ("Tosco") and Peninsula Oil Company ("Peninsula").

# THE CONTRACTUAL RELATIONSHIPS

## Mobil Branded Distributor Agreement

5.      Admitted in part, denied in part.  Sunoco admits only that Tosco and Peninsula entered into a Mobil Branded Distributor Agreement but denies the remainder of the allegations as they refer to a written agreement, the content of which speaks for itself.

6.      Admitted in part, denied in part.  Sunoco admits only that it became the successor in interest to Tosco's rights under the Mobil Distributor Agreement on the referenced date.  Sunoco denies that Tosco assigned the referenced agreement to Sunoco.  Rather the referenced agreement was assigned by COP.

7.      Denied as stated.  Peninsula assigned all of its right, title and interest in the Mobil Distributor Agreement to Sweet Oil subject to Sunoco's approval.

8.      Admitted in part, denied in part.  Sunoco admits only that it sent a letter to Sweet Oil dated November 2, 2006, but denies the remainder of the averments as they refer to a written document, the content of which speaks for itself.

## Tosco Distributor Image Incentive Program Agreement

9.      Admitted in part, denied in part.  Sunoco admits only that Tosco and Peninsula entered into a Tosco Distributor Image Incentive Program Agreement ("Incentive Agreement") on or around February 25, 2002, but denies the remainder of the averments as they refer to a written document, the content of which speaks for itself.

10.     Denied.  The averments made at paragraph 10 of the Amended Third Party Complaint refer to a written document, the content of which speaks for itself.

11.     Denied.  The averments made at paragraph 11 of the Amended Third Party Complaint refer to a written document, the content of which speaks for itself.

12.     Denied.  The averments made at paragraph 12 of the Amended Third Party Complaint refer to a written document, the content of which speaks for itself..

13.     Admitted in part, denied in part.  Answering defendant incorporates its response to paragraph 6 of the Complaint.

14.     Denied as stated.  Peninsula assigned all of its right, title and interest in the Incentive Agreement to Sweet Oil subject to Sunoco's approval of the overall assignment of the Mobil Distributor Agreement to Sweet Oil.

### The Dealer Agreement

15.     Admitted in part, denied in part.  Upon information and belief, Sunoco admits the existence of a Dealer Agreement between plaintiff and Sweet Oil and refers to said agreement for its terms and conditions.  After reasonable investigation, it is without knowledge or information sufficient to form a belief as to the truth of the remainder of the matters averred in paragraphs 15.

16.     Denied.  The averments made at paragraph 16 of the Amended Third Party Complaint refer to a written document, the content of which speaks for itself.

17.     Denied.  The averments made at paragraph 17 of the Amended Third Party Complaint refer to a written document, the content of which speaks for itself..

18.     Denied as stated.  Peninsula assigned all of its right, title and interest in the Dealer Agreement to Sweet Oil subject to Sunoco's approval of the overall assignment of the Mobil Distributor Agreement to Sweet Oil.

### The Dispute

19.     Admitted, upon information and belief.

20.     Admitted in part, denied in part.  Sunoco admits, upon information and belief, that after August 2002, Tosco paid Peninsula a three cent incentive payment for each gallon of gasoline sold by plaintiffs.  After reasonable investigation, Sunoco is without knowledge or information sufficient to form a belief as to whether Peninsula paid the plaintiffs the three cent incentive payment.

21.     Admitted in part, denied in part.  Sunoco admits only that it paid the incentive fee to Peninsula/Sweet Oil after it was assigned the Incentive Agreement.  The remainder of the averments are denied.

22. Denied as stated. Mobil required that the credit card operations be discontinued because the operating system at the Delmar Mobil was old and, upon information and belief, plaintiffs refused to upgrade the equipment.

23. Denied as stated. In connection with assignment of Peninsula's contract to Sweet Oil, and Sunoco's approval thereof, Sunoco not only advised that it would lose the rights to the Mobil trademark but in or around September 1, 2005, Sweet Oil expressly agreed to convert the two Mobil retail locations to the Sunoco brand pursuant to a schedule to be agreed upon.

24. Denied. After reasonable investigation, Sunoco is without knowledge or information sufficient to form a belief as to the truth of the averments alleged at paragraph 24 of the third-party amended complaint.

25. Denied. After reasonable investigation, Sunoco is without knowledge or information sufficient to form a belief as to the truth of the averments alleged at paragraph 25 of the third-party amended complaint.

26. Denied as stated. Sunoco admits it notified Sweet Oil that it was losing the right to the Mobil brand in February 2007 and that pursuant to the terms of the Mobil Agreement Sunoco had the right to change the brand and that a refusal to change brands is a breach of the Mobil Agreement. In addition, Sunoco confirmed to Sweet Oil that, during the period prior to the re-brand, a refusal to accept Mobil credit cards and Speedpass at a Mobil branded retail site being supplied under the Mobil Agreement is a material default under the Mobil Agreement.

27. Denied as stated. Sunoco admits that by reason of the termination of the supply relationship, pursuant to the terms of the Incentive Agreement, the incentive payments are to be reimbursed.

28. Denied. After reasonable investigation, Sunoco is without knowledge or information sufficient to form a belief as to the truth of the averments alleged at paragraph 28 of the third-party complaint.

29. Denied.

30. Denied. After reasonable investigation, Sunoco is without knowledge or information sufficient to form a belief as to the truth of the matters averred at paragraph 30 of the third-party amended complaint.

31. Denied. After reasonable investigation, Sunoco is without knowledge or information sufficient to form a belief as to the truth of the matters averred at paragraph 31 of the third-party amended complaint.

32. Denied. Answering third-party defendant is without knowledge or information sufficient to form a belief as to the plaintiffs' claims against Sweet Oil. Sunoco has made demands on Sweet Oil based on its rights under the Incentive Agreement and the Mobil Distributor Agreement.

33. Admitted.

34. Admitted.

35. Denied.

36. Admitted in part, denied in part. Sunoco admits to issuing "Invoice No. 16232781", but denies the remainder of the averments as they refer to a written document, the content of which speaks for itself.

37. Admitted in part, denied in part. Sunoco admits to issuing "Invoice No. 16232775", but denies the remainder of the averments as they refer to a written document, the content of which speaks for itself.

38. Admitted in part, denied in part. Sunoco admits only that it drafted $117,448.84 from Sweet Oil's bank account. The remainder of the averments made at paragraph 38 are denied.

**COUNT I – DECLARATORY JUDGMENT**

39. Answering third-party defendant incorporates by reference thereto its responses to paragraphs 1 through 38 of the Third-Party Complaint as though same were set forth fully at length herein.

40. Denied. After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained at paragraph 40 of the third-party amended complaint.

41. Denied as stated. Answering defendant's right to the Mobil brand expired at the end of February 2007. At that time, Sunoco could only offer to sell Sunoco branded products to its distributors for resale to retailers like plaintiffs. Sweet Oil and/or plaintiffs' decision not to convert the Delmar Mobil to the Sunoco brand constituted a material breach of the Mobil Distributor Agreement (which expressly permits a change in the brand of motor fuel) and the Incentive Agreement, which entitles Sunoco to non-renew the Mobil Distributor Agreement and obligates Sweet Oil to return the incentive monies it received under the Incentive Agreement.

42. Denied.

**COUNT II – INDEMNIFICATION AGAINST THIRD-PARTY DEFENDANT, SUNOCO**

43-45. Sweet Oil voluntarily dismissed Count Two of the Third-Party Complaint with prejudice pursuant to Federal Rule of Civil Procedure 41(a) and (c).

**COUNT III - CONVERSION**

46. Answering third-party defendant incorporates by reference thereto its responses to paragraphs 1 through 45 of the Third-Party Complaint as though same were set forth fully at length herein.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The Third Party Complaint fails to state a claim for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Third-Party Complaint is barred and/or limited by the doctrine of laches and/or the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

The Third-Party Complaint is barred and/or limited by the doctrine of waiver.

## FOURTH AFFIRMATIVE DEFENSE

Sunoco's claims against Sweet Oil arise out of the contractual relationships which exist between them and are independent of any claim plaintiffs have made or may make against Sweet Oil.

## SIXTH AFFIRMATIVE DEFENSE

Answering defendant is entitled to recover its attorneys fees incurred in the defense of this action pursuant to ¶ 29 of the Mobil Branded Distributor Agreement.

WHEREFORE, Third-Party Defendant, Sunoco, Inc. (R&M), respectfully requests judgment in its favor dismissing the Third-Party Complaint with prejudice together with court costs and reasonable attorneys' fees, to the extent permitted by law, incurred in the defense of this action, and that Sunoco, Inc. (R&M) be granted any other relief to which it may be entitled.

Respectfully Submitted,

/s/ *Matthew A. Kaplan*
Matthew A. Kaplan (#4956)
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
Tel: 302.777.6500
Fax: 302.421.8390
kaplanm@pepperlaw.com

A. Christopher Young
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
Tel: 215.981.4000
Fax: 215.981.4750
younga@pepperlaw.com

Dated: February 6, 2008

*Attorneys for Third-Party Defendant, Sunoco, Inc. (R&M)*

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2008, a copy of Third-Party Defendant, Sunoco, Inc. (R&M)'s Answer to the Third-Party Plaintiff's Amended Complaint was served electronically upon the following counsel of record via *CM/ECF*:

| | |
|---|---|
| Seth J. Reidenberg, Esq.<br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, DE  19899-0391<br><br>*Attorneys for Defendant/Third Party Plaintiff  GLES,*<br>*Inc., a Delaware Corporation, d/b/a Sweet Oil Company* | John W. Paradee, Esq.<br>D. Benjamin Snyder, Esq.<br>PRICKETT JONES & ELLIOTT<br>11 North State Street<br>Dover, DE  19901<br><br>*Attorneys for Plaintiffs* |

/s/ *Matthew A. Kaplan*
Matthew A. Kaplan (#4956)