IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| BCG, INC., a Delaware corporation, CHESAPEAKE PRODUCTS & SERVICES, INC., a Delaware corporation <br><br> Plaintiffs, <br> v. <br><br> GLES, INC., a Delaware corporation, d/b/a SWEET OIL COMPANY, <br><br> Defendant/Third-Party Plaintiff <br> v. <br><br> Sunoco, Inc. <br><br> Third-Party Defendant | C.A. No. 07-cv-207 (GMS) <br><br> TRIAL BY JURY <br> OF TWELVE DEMANDED |

**THIRD-PARTY PLAINTIFF GLES, INC. d/b/a SWEET OIL COMPANY'S ANSWERING BRIEF IN OPPOSITION TO MOTION OF THIRD- PARTY DEFENDANT SUNOCO'S MOTION FOR SUMMARY JUDGMENT ON COUNT I OF THE AMENDED THIRD-PARTY COMPLAINT**

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Seth J. Reidenberg, Esquire (No. 3657)
The Brandywine Building
1000 West Street, 17th 19801
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6600
sreidenberg@ycst.com
*Attorneys for Defendant/Third-Party Plaintiff GLES, Inc.,*
*A Delaware Corporation, d/b/a Sweet Oil Company*

Hugh J. Hutchison, Esquire
Leonard, Sciolla, Hutchison,
Leonard & Tinari, LLP
1515 Market Street, 18th Floor
Philadelphia, PA 19102
(215) 567-1530

Date: April 24, 2008

# TABLE OF CONTENTS

I.    INTRODUCTION……………………………………………………..2

II.   STATEMENT OF NATURE AND STAGE OF THE PROCEEDINGS….3

III.  SUMMARY OF ARGUMENT…………………………………………3

IV.   FACTS………………………………………………………………….4

V.    ARGUMENT……………………………………………………………5

VI.   CONCLUSION………………………………………………………..10

# TABLE OF AUTHORITIES

**CASES**                                                                                         **PAGE**

E.I.duPont de Nemours & Company v. Shell Oil Company,
    498 A. 2d 1108 (Del. 1985)..................................................................3

Dittrick v. Chalfant,
    2007 WL 1039548, (Del. Ch. April 4, 2007)......................................3, 5

NAMA Holdings, LLC v. World Market Center Venture, LLC,
    2007 WL 2008 8851, (Del. Ch. July 20, 2007).............................3, 5, 7

Cincinnati SMSA Ltd. P'Ship v. Cincinnati Bell Cellular Sys. Co.,
    708 A.2d 989 (Del. 1998)...................................................................5

**RULES**

Fed. R. Civ. P. 56..........................................................................................4

I.  **INTRODUCTION**

Third-Party Plaintiff GLES, Inc., d/b/a Sweet Oil Company ("Sweet Oil") moved for Summary Judgment pursuant to Federal Rules of Civil Procedure 56 on Count I of the Amended Third-Party Complaint against Sunoco, Inc. (R&M)("Sunoco"). (D.I. 40) Count I of the Amended Third-Party Complaint seeks a Declaratory Judgment regarding the rights of Sweet Oil and Sunoco, respectively, to certain "incentive payments" under two Tosco Distributor Image Incentive Program Agreements.[1] Simultaneously, Sunoco filed a reciprocal Motion for Summary Judgment as to Count I of the Amended Third-Party Complaint. (D.I. 39) Both parties assert that their interpretation of the Tosco Distributor Image Incentive Program Agreements is objectively clear from the contract terms and the interpretation asserted by each party can be determined by the Court as a matter of law. The parties have stipulated to a Statement of Undisputed Facts (D.I. 38) relevant to the issues set forth in their opposing motions for summary judgment. As there are no genuine issues as to any material fact, both parties assert that they are entitled to judgment as a matter of law on the basis of the stipulated record.

---

[1] The two agreements pertain to retail gasoline stations located in DelMar, Md. (Statement of Undisputed Facts, D.I. 38, ¶¶ 5, 6; Exhibit 2) (DelMar Incentive Agreement) and Snow Hill, Md. (Statement of Undisputed Facts, D.I. 38, ¶¶ 7, 8; Exhibit 3)("Duck-In Incentive Agreement") For ease of reference, the parties have identified correspondence and other documentary evidence in conjunction with the Delmar station for use in the Statement of Undisputed Facts. Throughout this Answering Brief, references will generally be limited to the chronology of events relating to the Delmar station. The analysis of the rights and liabilities of the parties under the "Duck-In Incentive Agreement" are identical to the analysis of the "Incentive Agreement" and therefore the legal right to the incentive payments under both incentive agreements is the same.

The arguments in support of the interpretation of the agreement asserted by Sweet Oil have been set forth at length in the Opening Brief in Support of Motion of Third-Party Plaintiff GLES, Inc. d/b/a Sweet Oil Company for Summary Judgment on "Count I - Declaratory Judgment" of Amended Third-Party Complaint against Sunoco, Inc. (R&M). (D.I. 41) As the arguments are already part of the record, there is no need to repeat those arguments herein. The Opening Brief of Sweet Oil in support of its motion for summary judgment is therefore incorporated herein as if fully set forth at length.

## II.   STATEMENT OF NATURE AND STAGE OF THE PROCEEDINGS

Third-Party Plaintiff Sweet Oil adopts the Statement of Nature and Stage of Proceedings contained in its opening brief in support of its motion for summary judgment. (D.I. 41) The only amendment to the Statement of Nature and Stage of Proceedings set forth therein is that both Sweet Oil and Sunoco have filed reciprocal motions for summary judgment as to Count I of the Amended Third-Party Complaint. (D.I. 39, 40)

## III.   SUMMARY OF ARGUMENT

When interpreting the language of a contract, the focus of the Court's analysis must be to determine the intent of the parties. E.I.duPont de Nemours & Company v. Shell Oil Company, 498 A. 2d 1108, 1113 (Del. 1985). In so doing, the Court "stand[s] in the shoes of an objectively reasonable third-party observer" to ascertain and give affect to the intent of the parties. Dittrick v. Chalfant, 2007 WL 1039548, at *4 (Del. Ch., April 4, 2007). When interpreting contracts, the Court gives meaning to every word in the agreement and avoids interpretations that would result in "superfluous verbiage." NAMA

Holdings, LLC v. World Market Center Venture, LLC, 2007 WL 2008 8851, at *6 (Del. Ch. July 20, 2007).

Sunoco asserts that the intent of the parties was that "any debranding of the subject facility, <u>regardless of the reason for the debranding</u>, entitled Sunoco to return of the incentive payments as liquidated damages." (Third-Party Defendant's Opening Brief in Support of its Motion for Summary Judgment on Count I of the Amended Third-Party Complaint pursuant to Fed. R. Civ. P. 56, D.I. 42 at 9) (emphasis added)  The interpretation proposed by Sunoco is entirely unreasonable in that it completely ignores contract language that clarifies and explains that liquidated damages are intended to compensate for losses resulting from Sweet Oil's "repudiation" of the Incentive Agreement. (Statement of Undisputed Facts, D.I. 38, Exhibit 2 at 2, Bullet Point 11) It is totally unreasonable to interpret the incentive agreement to impose "liquidated damages" on Sweet Oil where the retail station was debranded as a Mobil Station "because <u>Sunoco</u>'s right to sell Mobil branded motor fuels ended." (Statement of Undisputed Facts, D.I. 38, ¶¶ 18, 24; Exhibits 7, 9) (emphasis added) The clear intent of the parties to the Incentive Agreements was to impose "liquidated damages" only in the case that the Mobil branded station was <u>wrongfully</u> debranded by the distributor in "repudiation" of the distributor's obligations under the Incentive Agreements.

IV.    FACTS

The material facts relevant to the issues raised by this motion are stipulated by the parties and are set forth in the Statement of Undisputed Facts, that is incorporated herein by reference. (D.I. 38)

4

V.   **ARGUMENT**

There is no dispute with respect to the applicable law. Under Delaware law, the interpretation of contract language is a question of law. Courts interpret contracts to mean what they objectively say. The Court "stand[s] in the shoes of an objectively reasonable third-party observer" to ascertain and interpret the intent of the parties where the contract language is clear. Dittrick v. Chalfant, 2007 WL 1039548, at *4 (Del. Ch., April 4, 2007). Moreover when interpreting contracts, the Court gives meaning to every word in the agreement and avoids interpretations that would result in "superfluous verbiage." NAMA Holdings, LLC v. World Market Center Venture, LLC, 2007 WL 2008 8851, at *6 (Del.Ch. July 20, 2007). It is for the Court to determine if a proposed interpretation makes rational sense in light of the clear language of the contract.

> [W]here contract language is unambiguous, extrinsic evidence may not be used to interpret the intent of the parties, to vary the terms of the contact or to create an ambiguity.

Cincinnati SMSA Ltd. P'Ship v. Cincinnati Bell Cellular Sys. Co., 708 A.2d 989, 993 n.19 (Del. 1998).

In its Opening Brief in support of its motion for summary judgment, Sweet Oil demonstrated that the clear intent of the Tosco Distributor Image Incentive Program Agreement (Statement of Undisputed Facts D.I 38, Exhibits 2, 3) was to provide an incentive for the dealer to maintain the retail gasoline stations as a "Mobil branded station" for a period of ten years, or, at a minimum, the balance of the term of Tosco's license agreement to use the Mobil brand. The "incentive" to the distributor to remain

with the Mobil brand was the agreement to reimburse the distributor three cents per gallon for every gallon of gasoline sold for the first forty-eight months after the inception of the agreement. Thereafter, the agreement provided a "disincentive" to prevent the distributor from "debranding" the station as a Mobil station by requiring the distributor to repay, as liquidated damages, the incentive payments previously received pursuant to a set amortization schedule. The Incentive Agreement specifically provided that liquidated damages would be imposed to compensate for losses to Sunoco resulting from the distributor's "repudiation" of the agreement.

In its motion for summary judgment, rather than taking into account all of the provisions of the Incentive Agreements, Sunoco asserts that the interpretation intended by the parties depends solely on a single reference in the agreement to the effect that "Distributor agrees that if distributor's contract is terminated/non-renewed, or the retail facility is debranded....Distributor will pay ....liquidated damages." (Statement of Undisputed Facts, D.I. 38, Exhibit 2 at 2, Bullet Point 10) In so doing, Sunoco takes the cited language completely out of context. The interpretation advocated by Sunoco is clearly unreasonable when the clear language of the agreement is viewed as a whole.

According to Sunoco, "any debranding of the subject facility, <u>regardless of the reason for debranding</u>, entitled Sunoco to return the incentive payments to the return of the incentive payments as liquidated damages." (Third-Party Defendant's Opening Brief in Support of Motion for Summary Judgment, D.I. 42 at 9) In other words, Sunoco asserts that even though it ordered the distributor to debrand a retail facility for reasons solely motivated by Sunoco's interests, Sunoco is entitled to liquidated damages from the distributor. The interpretation makes no sense. No reasonable person would interpret an

6

agreement to allow a party to receive liquidated damages for its own conduct or as "compensation" for its own inability to fulfill <u>its</u> obligations under the agreement. That, however, is the interpretation advocated by Sunoco.[2]

The facts are not in dispute. Sunoco ordered Sweet Oil to debrand the Delmar and Duck-In stations as Mobil stations because <u>Sunoco's</u> rights to the Mobil brand terminated. (Statement of Undisputed Facts, D.I. 38, ¶¶ 18, 24) Sweet Oil did not repudiate the Incentive Agreements. Sweet Oil was ready, willing and able to maintain the stations as Mobil stations but was precluded from doing so on Sunoco's order. No reasonable person could interpret the language of the Incentive Agreements from such a myopic perspective.

Under Delaware law, the Court gives meaning to every word in the agreement when interpreting a contract and avoids interpretations that would result in "superfluous verbiage." <u>NAMA Holdings, LLC v. World Market Center Venture, LLC</u>, 2007 WL 2008 8851, at *6 (Del. Ch. July 20, 2007). Viewing the language of the incentive agreements as a whole, it is obvious that Sunoco's interpretation requires the Court to conclude that the agreements contain substantial "superfluous verbiage." First and foremost, the incentive agreements specifically refer to the repayment of any incentive payments upon debranding as liquidated damages "confined" to the compensation for

---

[2] In its Opening Brief, Sunoco cites the deposition testimony of Mark Greco, the corporate representative of Sweet Oil, as acknowledging that Sweet Oil "understood that Sunoco was entitled to a return of the incentive moneys if, and when, the Distributor Agreement terminated or non-renewed or the [retail stations] no longer sold Mobil branded motor fuel." (Third-Party Defendant's Opening Brief in Support of Its Motion for Summary Judgment, D.I. 42, pp 8-9) The cited testimony is clearly taken out of context. In context, Mr. Greco acknowledged that Sunoco would be entitled to the repayment of incentive monies if the retail station "<u>chose</u> to go to another brand" during the term of the agreement. (March 26, 2008 deposition of Mark Greco, 235:3-13, attached to Third-Party Defendant's Opening Brief as Exhibit A) That is not what happened. The retail station did not "<u>choose</u> to go to another brand." Rather, Sunoco <u>ordered</u> the retail station to cease using the Mobil brand because <u>Sunoco</u> could no longer supply Mobil products.

7

"losses resulting from [the distributor's] repudiation of this Incentive Agreement." (Statement of Undisputed Facts, D.I. 38, Exhibit 2 at 2, Bullet Point 11) If the parties truly contemplated that the repayment of the incentive payments would simply be a function of the debranding of the station regardless of the reason for the debranding, there would be no need to further characterize the repayment as "liquidated damages," nor make reference to any "repudiation" of the incentive agreement nor specify that such repayment represents "compensation for losses resulting from the distributor's [wrongful conduct]. All such language would effectively constitute "superfluous verbiage."

However, the Court cannot simply assume that the qualifying language in the incentive agreements constitutes excess or unnecessary language. The Court must determine if there is a rational interpretation of the agreements that takes that language into account as meaningful language inserted into the agreements with purpose. Of course, there is such a reasonable interpretation. That interpretation simply recognizes that the parties did not intend that the incentive payments would be returned if the distributor debranded the station "for any reason." Rather, the repayment of the incentive payments was only required where the distributor wrongfully "repudiated" its obligations under the incentive agreements. No other interpretation takes all of the language of the agreements into account.

If, as Sunoco suggests, the incentive payments must be returned if the station is debranded "regardless of the reason for the debranding," (Third-Party Defendant's Opening Brief in Support of Its Motion for Summary Judgment, D.I. 42 at 9) Sunoco literally had the right at any time to order the station "rebranded" and recoup all of the unamortized incentive fees paid to the distributor. That is hardly an "incentive" to

8

encourage the distributor to remain faithful to the Mobil brand. In that case, the distributor would be fully compliant with all of its obligations yet still face losing the benefit of its agreement. No person "standing in the shoes of an objectively reasonable third-party observer" would interpret the language of the incentive agreements to allow that result.

All of the foregoing aside, Sunoco's argument completely ignores yet another key provision of the incentive agreement. By its very terms, the incentive agreement obligates the distributor to maintain the retail station as a Mobil station for a period of "not less than 10 years or <u>the remaining term of Tosco's license agreement for the Mobil brand</u>." (Statement of Undisputed Facts, D.I. 38, Exhibit 2, Incentive Agreement at 2, Bullet Point 15) The stipulated facts clearly establish that the sole motivation for "debranding/rebranding" the retail stations in this case was that Sunoco's license to use the Mobil trademark expired. (Third-Party Defendant's Opening Brief in Support of Its Motion for Summary Judgment, D.I. 42 at 5) The stipulated facts therefore confirm that Sweet Oil fulfilled its commitment to maintain the retail station as a Mobil station for the full term of its obligation.

The language obligating the distributor to maintain the Mobil mark for a period of ten years or, in the alternative, the balance of the term of Sunoco's license to use the Mobil mark is not mere "superfluous verbiage." The interpretation of the agreement advocated by Sunoco, however, requires that this language be ignored. Unlike Sunoco, the Court is not at liberty to simply overlook qualifying language that was purposely inserted into the agreement. In this case, the language clearly means just what it says. Sweet Oil fulfilled its obligation under the incentive agreement by maintaining the retail

station as a Mobil station for the full term of Sunoco's license to use the Mobil mark. Having fulfilled its agreement, there is no basis to deprive Sweet Oil of its rights to the incentive payments for the DelMar and Duck-In stations.

## VI. CONCLUSION

For all of the foregoing reasons, together with the reasons and arguments set forth in the Opening Brief in Support of Motion of Third-Party Plaintiff GLES, Inc. d/b/a Sweet Oil Company for Summary Judgment on "Count I - Declaratory Judgment" of Amended Third-Party Complaint against Sunoco, Inc. (R&M) (D.I. 41), which are incorporated herein, Third-Party Plaintiff respectfully submits that there are no genuine issues of material fact and Sweet Oil is entitled to a declaratory judgment confirming that unamortized balance, and any unpaid balance, of the incentive payments under the Delmar Incentive Agreement and the Duck-In Incentive Agreement belong to Sweet Oil and not Sunoco.

Respectfully submitted,


YOUNG CONAWAY STARGATT
& TAYLOR, LLP

/s/ *Seth J. Reidenberg*
Seth J. Reidenberg (No. 3657)
The Brandywine Building
1000 West Street, 17th 19801
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6600
sreidenberg@cyst.com

Hugh J. Hutchison, Esquire
Leonard, Sciolla, Hutchison,
Leonard & Tinari, LLP
1515 Market Street, 18th Floor
Philadelphia, PA 19102
(215) 567-1530
(215) 564-4611 (fax)

*Attorneys for Defendant/Third-Party Plaintiff GLES, Inc., A Delaware Corporation, d/b/a Sweet Oil Company*

Dated: April 24, 2008