# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BCG, INC. and CHESAPEAKE PRODUCTS & SERVICES, | : <br> : <br> :    C.A. No. 07-cv-207 (GMS) |
| Plaintiffs, | : |
| v. | :    TRIAL BY JURY <br> :    OF TWELVE DEMANDED |
| GLES, INC. d/b/a SWEET OIL COMPANY, | : <br> :    NON-ARBITRATION CASE |
| Defendant/Third-Party Plaintiff, | : |
| v. | : |
| SUNOCO, INC., | : |
| Third-Party Defendant. | : |

**THIRD-PARTY DEFENDANT SUNOCO, INC.'S REPLY TO DEFENDANT/THIRD-PARTY PLAINTIFF'S OPPOSITION TO SUNOCO, INC.'S MOTION FOR SUMMARY JUDGMENT ON COUNT I OF THE AMENDED THIRD-PARTY COMPLAINT <u>PURSUANT TO FED. R. CIV. P. 56</u>**

Matthew A. Kaplan (#4956)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE  19899-1709
Telephone No.: 302-777-6528

A. Christopher Young (*pro hac vice*)
Jennifer Lori Lambert (*pro hac vice*)
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
Telephone No.: 215-981-4190

*Attorneys for Third-Party Defendant, Sunoco, Inc. (R&M)*

# TABLE OF CONTENTS

**Page**

**TABLE OF AUTHORITIES** ....................................................................................................... **ii**

**I.     ARGUMENT** .................................................................................................................... **1**

     **A.     Sweet Oil's Emphasis on the Term 'Repudiation' Misconstrues the Purposes of the Incentive Agreements** ................................................................................... **1**

     **B.     Sunoco's Interpretation of the Incentive Agreements Is Consistent With the Parties' Intentions** ................................................................................................... **3**

**II.    CONCLUSION** ................................................................................................................ **5**

-ii-

## TABLE OF AUTHORITIES

**Page**

**CASE**

Intel Corp. v. Broadcom Corp., 173 F. Supp. 2d 201 (D. Del. 2001)………..……………………2


**STATUTES**

15 U.S.C. § 2801……………………………………………………………...…………………………1
15 U.S.C. § 2802………………………………………………………………………………...…………3

-ii-

Sunoco, Inc. (R&M) ("Sunoco") is entitled to summary judgment because the plain language of the Incentive Agreements dictates that a termination or non-renewal or a debranding of the Delmar or Duck-In Stations (the "Stations") triggers GLeS, Inc. d/b/a Sweet Oil Co.'s ("Sweet Oil") obligation to return the incentive payments to Sunoco as liquidated damages. It is undisputed that the Distributor Agreement was terminated and non-renewed and the Stations were debranded in February 2007. (Statement of Undisputed Facts, D.I. 38 at ¶¶ 24 & 33). Sweet Oil now attempts to escape liability by incorrectly interpreting a single word in the Incentive Agreements and mischaracterizing Sunoco's basis of entitlement to liquidated damages.

I. ARGUMENT

    A. **Sweet Oil's Emphasis on the Term 'Repudiation' Misconstrues the Purposes of the Incentive Agreements**

Sweet Oil's reliance on the single term 'repudiation' violates basic contract interpretation principles and, more importantly, results in a misleading characterization of the word, which is contrary to the parties' intentions. Sweet Oil attempts to isolate the term violating the basic and simple principle that the contract must be read as a whole to interpret the true intentions of the parties. In addition, in an attempt re-characterize Sunoco's interpretation of the Incentive Agreements, Sweet Oil fails to interpret the contract under the purview of the Petroleum Marketing Practices Act, 15 U.S.C. § 2801 (2006), et seq. ("PMPA"), which statutorily governs the relationship between Sweet Oil and Sunoco and restricts Sunoco's ability to terminate or non-renew the Distributor Agreement except upon the occurrence of certain enumerated circumstances.

The phrase "your repudiation of this Incentive Agreement" refers to the liquidated damages triggers described in the preceding paragraph of the Incentive Agreements, which are

listed as a termination or non-renewal of the Distributor Agreement or a debranding of the subject retail facility. (D.I. 38, Ex. 2 & 3). This interpretation is entirely consistent not only with the parties' intentions, but also with Delaware law, which requires that contracts be viewed *as a whole* to determine the true intent of the parties. Intel Corp. v. Broadcom Corp., 173 F. Supp. 2d 201, 221 (D. Del. 2001) (emphasis added). On the other hand, Sweet Oil's interpretation completely ignores the relevant language of the Incentive Agreements which describes the liability triggers by isolating the word repudiation and giving it an emphasis that the parties could not have intended.

Highlighting Sweet Oil's gross mischaracterization of the parties' intent, Sweet Oil claims that if "wrongful" or "repudiation" is not read into the contract as a requirement to trigger liquidated damages, then Sunoco has the right at anytime to order the rebranding of the Stations entitling it to liquidated damages. First, Sweet Oil's argument ignores the express purpose of liquidated damages, which is to protect Sunoco from economic loss in the event the subject retail facility no longer sells a brand of motor fuel it supplies. (D.I. 38, Ex. 2 & 3) ("Distributor recognizes that it would be difficult to quantify [Sunoco]'s economic losses if Distributor's franchise relationship terminated or non-renewed or the retail facility debranded…"). If the purpose of the incentive payments are to encourage purchases of a particular brand of motor fuel supplied by Sunoco, why would Sunoco demand a rebrand and incur an economic loss solely to recover the prior incentive payments made?

Further, Sweet Oil does not need to imply the words "repudiation" or wrongful" into the Incentive Agreements to prevent any overreaching by Sunoco: Congress already protected Sweet Oil when it passed the PMPA. Any attempt by Sunoco to terminate or non-renew the Distributor Agreement would arguably violate the PMPA which statutorily restricts

Sunoco from terminating the Distributor Agreement "for any reason." The Incentive Agreements specifically provide that liquidated damages are due to Sunoco "if Distributor's franchise relationship with [Sunoco] is terminated or non-renewed or the retail facility is debranded." (D.I. 38, Ex. 2 & 3). Even though there are no other prerequisites to liquidated damages stated in the Incentive Agreements, the PMPA enumerates specific conditions under which Sunoco may terminate or non-renew its Distributor Agreement with Sweet Oil. 15 U.S.C. § 2802.

Sunoco's termination of the Distributor Agreement complied with the PMPA because, as referenced in Sunoco's November 2, 2006 termination letter to Sweet Oil (D.I. 38, Ex. 9), Sunoco lost its right to the Mobil brand, an "occurrence of an event relevant to the franchise relationship as a result of which termination or non-renewal is reasonable." 15 U.S.C. § 2802(b)(2)(C). Under the Incentive Agreements, the termination and non-renewal triggered Sweet Oil's obligation to pay Sunoco liquidated damages.

### B. Sunoco's Interpretation of the Incentive Agreements Is Consistent With the Parties' Intentions

Sweet Oil's assertion that it is not required to pay Sunoco liquidated damages because it fulfilled its obligation under the Incentive Agreements to maintain the Mobil brand until Sunoco's license expired ignores Sweet Oil's consent to the Assignment Agreement and its actions subsequent to signing and executing the Assignment Agreement.

By the terms of the Assignment Agreement, Sunoco and Sweet Oil were aware in 2005 that the Mobil brand would end in February 2007 and in order to avoid paying liquidated damages, the parties agreed that the Incentive Agreements would survive the loss of the Mobil brand as long as the Stations would rebrand. (D.I. 38, Ex. 6 at ¶¶ 2, 3, & 7). This benefitted both parties: Sweet Oil would avoid liability for liquidated damages because the Incentive

Agreements would be paid and amortized based on purchases of Sunoco branded motor fuel and Sunoco obtained a long term commitment from two new Sunoco branded customers. Sweet Oil's failure to fulfill its end of the bargain forced Sunoco to terminate and non-renew the Distributor Agreement, resulting in the inevitable debranding of the Stations in February 2007.

Sweet Oil's gerrymandered interpretation of the parties' promises and events which took place after the execution of the Assignment Agreement[1] would lead to an inequitable result. Namely, Sweet Oil would avoid liability for liquidated damages under the Incentive Agreements without delivering on its promise. On the other hand, Sunoco would not obtain the benefit of its bargain, the long term commitment of two Sunoco branded customers.

---

[1] Sweet Oil's claim that it was "ready, willing and able to maintain the stations as Mobil stations" (Third-Party Def.'s Answering Brief, D.I. 44 at 7) until Sunoco terminated the Distributor Agreement is a startling observation and one that completely ignores its knowledge of Sunoco's eventual loss of the Mobil brand and the promises it made to Sunoco. It also overlooks Plaintiff's breach of contract claim against Sweet Oil, which is based in part on the failed efforts Sweet Oil expended to rebrand the Stations to the Sunoco brand in 2005 and 2006. (Pl. Am. Compl. ¶¶ 56-58, D.I. 23).

## II.     CONCLUSION

Sunoco respectfully requests that this Court grant its motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as there is no genuine issue as to any material fact and Sunoco is entitled to judgment as a matter of law.

Respectfully submitted,

/s/ Matthew A. Kaplan
Matthew A. Kaplan (#4956)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE  19899-1709
Telephone No.: 302-777-6528

A. Christopher Young (*pro hac vice*)
Jennifer Lori Lambert (*pro hac vice*)
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
Telephone No.: 215-981-4190

*Attorneys for Third-Party Defendant,*
*Sunoco, Inc. (R&M)*

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2008, a copy of Third-Party Defendant Sunoco, Inc.'s Reply to Defendant/Third-Party Plaintiff's Opposition to Sunoco Inc.'s Motion for Summary Judgment on Count I of the Amended Third-Party Complaint Pursuant to Fed. R. Civ. P. 56 was served electronically upon the following counsel of record via *CM/ECF*:

| | |
|---|---|
| Seth J. Reidenberg, Esq. | Johm W. Paradee, Esq. |
| Young Conaway Stargatt & Taylor LLP | D. Ben Snyder, Esq. |
| The Brandywine Building | Glenn C. Mandalas, Esq. |
| 1000 West Street, 17th Floor | Prickett Jones & Elliott, P.A. |
| P.O. Box 391 | 11 North State Street |
| Wilmington, DE  19899-0391 | Dover, DE  19901 |
| | |
| *Attorneys for Defendant/Third-Party Plaintiff GLeS, Inc., d/b/a Sweet Oil Company* | *Attorneys for Plaintiffs BCG, Inc. and Chesapeake Products & Services* |

        /s/ Matthew A. Kaplan
        Matthew A. Kaplan (#4956)