IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BCG, INC., and <br> CHESAPEAKE PRODUCTS & <br> SERVICES, <br> <br> Plaintiffs, <br> <br> v. <br> <br> GLeS, INC., d/b/a SWEET OIL CO., <br> <br> Defendant/Third-Party Plaintiff, <br> <br> v. <br> <br> SUNOCO, INC., <br> <br> Third-Party Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 07-207 GMS <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM**

**I.    INTRODUCTION**

In this case, owners of retail gas stations bring suit against their motor fuel wholesaler, who in turn brings a third-party suit against its supplier, an oil company. The plaintiffs in this case, BCG, Inc., ("BCG") and Chesapeake Products and Services ("Chesapeake"), are the owner-operators. The defendant and third-party plaintiff, GLeS, Inc., doing business as Sweet Oil Company ("Sweet Oil"), is the wholesaler. The third-party defendant, Sunoco, Inc., ("Sunoco") is the oil company. Sweet Oil and Sunoco have filed a statement of undisputed facts and competing motions for summary judgment on Count I of Sweet Oil's third-party complaint against Sunoco. (D.I. 38, 39, 40.) Those two motions are now before the court.

1

## II. BACKGROUND

This litigation arises from a series of contracts between the parties relating to the plaintiffs' operation of two retail motor fuel service stations, otherwise known as gas stations, under the Mobil brand.[1] BCG and Chesapeake operated the Delmar and Duck-In gas stations pursuant to an agreement with Sweet Oil (the "Dealer Agreement"). As part of the ten-year Dealer Agreement, signed October 3, 2002, Sweet Oil provided BCG and Chesapeake with Mobil-brand motor fuel, and BCG and Chesapeake operated the stations as Mobil-brand gas stations. Sweet Oil obtained the Mobil-brand motor fuel from Sunoco pursuant to another agreement, a Mobil Branded Distributor Agreement (the "Distributor Agreement").[2] Pursuant to the Distributor Agreement, Sunoco sold Mobil-brand motor fuel to Sweet Oil for resale at the Delmar and Duck-In stations. Sweet Oil also received a license to use the Mobil trademarks in certain ways relating to fuel sales and general operation of the Delmar and Duck-In stations.

In addition to the Distributor Agreement, Sweet Oil and Sunoco are also parties to a Tosco Distributor Image Incentive Program Agreement for the Delmar Station and one for the Duck-In station (the "Incentive Agreements"). Under the Incentive Agreements, Sunoco made payments to Sweet Oil based on the amount of gasoline it purchases for resale at the Delmar and Duck-In stations, subject to certain terms and conditions. In particular, the Incentive Agreements provided that, if the Distributor Agreement were terminated or not renewed, or if the gas station in question were debranded less than ten years after the Incentive Agreements began, then Sweet Oil was required to pay back to Sunoco some or all of those incentive payments.

---

[1] Both Sweet Oil and Sunoco assumed their rights and obligations under the contracts in question from predecessors in interest. The original motor fuel wholesaler was Peninsula Oil Company ("Peninsula"), and the original oil company was Tosco Refining, L.P. ("Tosco"). Sweet Oil assumed Peninsula's rights and obligations under the contracts in question; Sunoco assumed those of Tosco.

[2] Tosco had contracted with Mobil Oil Corporation ("Mobil") to market and license the Mobil brand to fuel distributors and service station operators.

In 2006, the year before Sunoco's rights to the Mobil brand were to expire, Sunoco, Sweet Oil, and BCG and Chesapeake engaged in negotiations relating to changing the Delmar and Duck-In stations' brand from Mobil to Sunoco. The negotiations were unsuccessful. On October 19, 2006, BCG and Chesapeake filed this action in state court against Sweet Oil for breach of the October 3, 2002 Dealer Agreement, declaratory judgment, tortious interference with contract, bad faith, and violation of the Delaware Franchise Security Law, Del. Code Ann. tit. 6, § 2551 *et seq*. (D.I. 1.) After BCG and Chesapeake amended their complaint to add a federal claim under the Petroleum Marketing Practices Act, 15 U.S.C. § 2801 *et seq.*, Sweet Oil removed the case to this court. (D.I. 1.) Sweet Oil then filed a third-party complaint against Sunoco, Inc., ("Sunoco") raising claims for declaratory relief, indemnification, and conversion. (*Id.*; D.I. 23 (Am. Third-Party Compl.).)

In February 2007, the Distributor Agreement between Sunoco and Sweet Oil was terminated and not renewed, and the Delmar and Duck-In stations ceased to operate as Mobil-brand stations. Two months later, on April 7, 2008, Sweet Oil and Sunoco filed a statement of undisputed facts. (D.I. 38.) That same day, Sweet Oil and Sunoco each moved for summary judgment on Count I, a declaratory judgment claim, of the amended third-party complaint. (D.I. 39, 40.) Now before the court are Sweet Oil's (D.I. 40) and Sunoco's (D.I. 39) motions for summary judgment.

## III.    STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Thus, the court may grant summary judgment only if the moving party

party shows that there are no genuine issues of material fact that would permit a reasonable jury to find for the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it might affect the outcome of the suit. *Id*. at 247-48. An issue is genuine if a reasonable jury could possibly find in favor of the non-moving party with regard to that issue. *Id*. at 249. The moving party bears the initial burden of demonstrating that there are no genuine issues of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In addition, the court views the evidence in the light most favorable to the nonmoving party, with all doubts resolved against entry of summary judgment. *Blackburn v. United Parcel Serv., Inc.*, 179 F.3d 81, 91 (3d Cir. 1999).

## IV.   DISCUSSION

Sweet Oil and Sunoco have filed a statement of undisputed facts. (D.I. 38.) Since no material facts are disputed, the court will interpret the contractual terms and grant summary judgment on Count I of the third-party complaint as follows.

At issue is whether the Incentive Agreements' liquidated-damages clause obligates Sweet Oil to repay the incentive payments. Interpretation of contractual language is a question of law and thus for the court to decide. *O'Brien v. Progressive Nat'l Ins. Co.*, 785 A.2d 281, 286 (Del. 2001.) Under Delaware law, courts may not use extrinsic evidence to interpret a contract's meaning when the contract's language is unambiguous. *Id.* at 289. The court therefore looks to the disputed language of the Incentive Agreements. (D.I. 38 Ex. 4.)

The Incentive Agreements provide that, for 48 months, Sunoco will pay Sweet Oil 3 cents per gallon of fuel purchased from Sunoco by Sweet Oil for resale at the Delmar station, and, for 36 months, 1 cent per gallon for resale at the Duck-In station. (*Id.*) These incentive payments are subject to certain conditions, however. One such condition is that, as provided by

4

the liquidated-damages clause found in both Incentive Agreements, Sweet Oil must return to Sunoco all or some of the incentive payments if certain events occur:

> [Sweet Oil] agrees that if [Sweet Oil's] franchise relationship with [Sunoco] is terminated/non-renewed, or the retail facility is debranded within ten (10) years after the first month [Sweet Oil] reports volume for incentive payment purposes, [Sweet Oil] will pay to [Sunoco] as liquidated damages . . . the following amounts . . . .

(D.I. 38 Ex. 2-3.) The contracts then include a reimbursement schedule indicating the percentage of incentive payments that must be reimbursed, based on the amount of time elapsed between when the incentive program began and when the station in question debranded.

Sweet Oil makes three arguments in support of its claim that the Incentive Agreements do not require reimbursement in this case, even though the Distributor Agreement was terminated and not renewed, and the Delmar and Duck-In stations debranded, within ten years after the first month Sweet Oil reported volume for incentive payments.

First, Sweet Oil argues that the Incentive Agreements require reimbursement only if Sweet Oil wrongfully repudiates its obligations under the agreement. But the contract's plain language rebuts Sweet Oil's claim. Each of the Incentive Agreements provides that three events trigger Sweet Oil's obligation to reimburse some or all of the incentive payments: termination of the Distributor Agreement, non-renewal of the Distributor Agreement, or debranding of the gas station. This is so regardless of why the termination, non-renewal, or debranding occurs.

5

Second, Sweet Oil argues that another provision in both Incentive Agreements, where Sweet Oil "represents that it will brand the retail facility as a Mobil facility for not less than 10 years or the remaining term of [Sunoco's] license agreement for the Mobil brand," affects the time period during which reimbursement may be required. (*Id.*)  But this argument similarly fails: the liquidated-damage clause's relevant time period is ten years, regardless of when Sunoco's license agreement with Mobil expires.

Finally, Sweet Oil argues that this interpretation results in "superfluous verbiage," and thus should be rejected. *NAMA Holdings, LLC v. Related World Market Center, LLC et al.*, 2007 Del. Ch. LEXIS 100, at *6 (Del. Ch. July 20, 2007).  In support, Sweet Oil cites to a later provision of the Incentive Agreements stating that

> damages here liquidated are confined to losses resulting from your repudiation of this Incentive Agreement, and shall not affect such other rights and remedies as [Sunoco] may have under this Incentive Agreement, under any other agreement with [Sunoco], and other applicable law . . . .

(D.I. 38 Ex. 4.)  According to Sweet Oil, this clause is superfluous unless the liquidated-damages clause is read to apply only if Sweet Oil repudiates the Incentive Agreement.  The court disagrees.  This section acts to reserve Sunoco's potential rights and remedies beyond liquidated damages.  Thus, the court's interpretation does not render it superfluous.

In sum, the Incentive Agreements are unambiguous: upon termination of the Distributor Agreement, non-renewal of the Distributor Agreement, or debranding of the Delmar or Duck-In station, Sweet Oil is obligated to reimburse Sunoco according to the contracts' reimbursement

6

schedule. It is undisputed that these triggering events occurred. As such, Sweet Oil is required under the Incentive Agreements to reimburse the incentive payments previously made under the agreements.

## V.  CONCLUSION

The court finds that the Incentive Agreements require Sweet Oil to reimburse Sunoco for incentive payments if the Distributor Agreement is terminated or not renewed, or if the gas station in question is debranded. It is undisputed that the Distributor Agreement was terminated and not renewed, and that Delmar and Duck-In stations ceased to operate as Mobil-brand stations. Thus, Sunoco is entitled to summary judgment on Count I of the third-party complaint: the Incentive Agreements entitle Sunoco to be reimbursed for its incentive payments previously made under the agreements.


Dated: July 23, 2008                            /s/ Gregory M. Sleet
                                                       CHIEF, UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BCG, INC., and<br>CHESAPEAKE PRODUCTS &<br>SERVICES, | )<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | Civil Action No. 07-207 GMS |
| GLeS, INC., d/b/a SWEET OIL CO., | )<br>) | |
| Defendant/Third-Party Plaintiff, | )<br>) | |
| v. | )<br>) | |
| SUNOCO, INC., | )<br>) | |
| Third-Party Defendant. | ) | |

## **ORDER**

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED that:

1. Third-party plaintiff Sweet Oil Co.'s Motion for Summary Judgment (D.I. 40) is DENIED; and

2. Third-party defendant Sunoco, Inc.'s Motion for Summary Judgment (D.I. 39) is GRANTED.


Dated: July 23, 2008    /s/ Gregory M. Sleet
                        CHIEF, UNITED STATES DISTRICT JUDGE