IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BCG, INC., a Delaware corporation, <br> CHESAPEAKE PRODUCTS & <br> SERVICES, INC., a Delaware corporation <br><br> Plaintiffs, <br> v. <br><br> GLES, INC., a Delaware corporation, <br> d/b/a SWEET OIL COMPANY, <br><br> Defendant/Third-Party Plaintiff <br> v. <br><br> Sunoco, Inc. <br><br> Third-Party Defendant | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | C.A. No. 07-cv-207 (GMS) <br><br> TRIAL BY JURY <br> OF TWELVE DEMANDED |

**REPLY BRIEF OF GLES, INC. d/b/a SWEET OIL COMPANY
IN SUPPORT OF ITS MOTION IN LIMINE TO PRECLUDE THE ADMISSION
OF TESTIMONY AND EVIDENCE SEEKING TO MODIFY AND CONTRADICT
THE MARCH 1994 COMMISSION AGENCY AGREEMENT**

Defendant GLES Inc. d/b/a Sweet Oil Company ("Sweet Oil") filed a Motion in Limine for an order precluding Plaintiffs, BCG, Inc. ("BCG) and Chesapeake Products & Services, Inc. ("CP&S")(collectively hereinafter "Plaintiffs") from offering testimony or evidence that contradicts or otherwise modifies the terms of the March 16, 1994 Commission Agency Agreement ("1994 Agency Agreement") on the grounds that any such testimony is barred by the parol evidence rule. In response to Sweet Oil's motion, Plaintiffs contend that the parol evidence rule is inapplicable because the relevant agreement is not "integrated" and that even if integrated, the parol evidence rule allows extrinsic evidence to "explain or supplement" the agreement. These arguments are without merit.

First, the 1994 Agency Agreement was the complete and final expression of the parties' agreement with respect to its terms and nothing in that agreement allows for a

contrary conclusion. Second, the parol evidence rule does not permit the introduction of evidence that "explains or supplements" clear and unambiguous contract language.

The relationship between Sweet Oil and the Plaintiffs was governed by a collection of agreements which were dated March 16, 1994 and were executed by Plaintiffs on April 5, 1994. (See Exhibit A to Plaintiffs' Opposition). Plaintiffs suggest that the existence of more than one agreement belies the notion that the 1994 Agency Agreement was integrated. Each agreement, however, governed a separate distinct aspect of the parties' relationship. For instance, one agreement provided for the leasing of credit card processing equipment and was aptly titled Credit Card Loan Equipment Agreement. Another provided for leasing of fuel dispensing equipment and was titled Equipment Loan Agreement. The 1994Agency Agreement at issue here set forth, *inter alia*, the terms of the agency relationship and commission the Plaintiffs were to receive for fuel sales.

The principle of integration merely looks to whether a particular agreement represents the parties' complete and final expression of the terms of that agreement. Carrow v. Arnold, 2006 WL 3289582 (Del. Ch. Oct. 31, 2006)(finding an agreement to be integrated in the absence of an integration clause where agreement was formally drafted, type written and witnessed). "No particular form is required for an integrated agreement...." E. Allan Farnsworth, *Contracts* § 7.3, at 471 (2nd ed. 1990). Further, the absence of an integration clause does not mean that the contract was not intended as the final and complete expression of the parties' agreement. Carrow, 2006 WL 3289582 at *5. The 1994 Agency Agreement was integrated and unambiguous with respect to its specific terms. That is, just as the Credit Card Loan Equipment Agreement was integrated with regard to the leasing of credit card processing equipment, the 1994 Agency Agreement was integrated as to the particular aspect of the relationship that agreement governed. The fact

that more than one agreement governed the parties' relations does not cause any one particular agreement to be deemed unintegrated.

Second, the parol evidence rule, both at common law and under the Uniform Commercial Code ("UCC"), strictly precludes extrinsic evidence offered to contradict an unambiguous agreement. 6 Del. C. § 2-202; Pellaton v. Bank of New York, 592 A.2d 473, 478 (Del. 1991). The governing provisions of the UCC do not allow the use of parol evidence, such as evidence of course of conduct or course of dealing, to contradict the express terms of the controlling agreement. 6 Del. C. §§ 2-202, 1-303(e)("[t]erms. . . which are otherwise set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein *may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement. . . .*" (emphasis added). "[A] court should not consider extrinsic evidence when presented with clear and consistent unambiguous terms of a contract." Concord Mall, LLC v. Best Buy Stores, L.P., 2004 WL 1588248 at *4 (Del. Super. July 12, 2004); see also 6 Del. C. § 1-303(e)("Where the express terms of an agreement and course of performance cannot be constructed in consistent manner, "express terms prevail over course of performance, [and] course of dealing. . . .") Because the terms of the 1994 Agency Agreement are clear and unambiguous, the parol evidence rule does not apply and the Plaintiffs should not be permitted to introduce testimony contrary to those terms.

Based on the foregoing reasons, Defendant GLES Inc. d/b/a Sweet Oil Company respectfully requests that Plaintiffs, BCG, Inc. and Chesapeake Products & Services, Inc. be precluded from offering any testimony or evidence that the parties intended the terms of the 1990 Agreement to govern the relationship of the parties rather than the clear and unambiguous terms of the 1994 Commission Agency Agreement.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | /s/ Seth J. Reidenberg |
| Hugh J. Hutchison, Esquire | Seth J. Reidenberg, Esquire (No. 3657) |
| Leonard, Sciolla, Hutchison, | Young, Conaway, Stargatt, & Taylor, LLP |
| Leonard & Tinari, LLP | The Brandywine Building |
| 1515 Market Street, 18th Floor | 1000 West Street, 17th 19801 |
| Philadelphia, PA | P.O. Box 391 |
| (215) 567-1530 | Wilmington, DE 19899-0391 |
|  | (302) 571-6600 |
|  |  |
|  | Attorneys for Defendant GLES, Inc., |
|  | A Delaware Corporation, |
| Dated: September 2, 2008 | d/b/a Sweet Oil Company |

DB02:7239568.2                                                                                                                          054769.1031